(No. 23824—Decided August 3, 1956.)

*Mr. Joseph O. Coy,* for appellant.
*Mr. Sam B. Fitzsimmons,* for appellee.

HUNSICKER, J.   On July 29, 1955, an instrument in writing, dated October 26, 1950, was presented to the Probate Court of Cuyahoga County, Ohio, as the last will and testament of Emelie M. Schulz, deceased.   Thereafter, several hearings were had relative to the probate of such will.   On January 27, 1956, the trial court entered "the final order denying admission" of the instrument to probate.   It is from the order so made that an appeal on questions of law is before this court.

The proponents of the will allege:

"1. Error in entering an interlocutory order denying the will of Emelie Schulz admission to probate, and error in making said interlocutory order final.

"2. Error in the admission and exclusion of evidence."

The instrument presented to the court for probate was a printed form, on which was typewritten the claimed will of the decedent.   The attestation clause was in due and regular form and signed by two witnesses.   The first witness signed "Mrs.

---

[*]Motion to certify the record overruled March 13, 1957.

LeRoy Ritchie," and above the name "LeRoy" was written "Rusha," the given name of the witness. The second witness signed "Helen A. Lucal." This latter witness was the wife of the ,attorney, now deceased, who prepared the instrument and who, accompanied by his wife, took it to the home of the decedent, who then lived in Brunswick, Medina County, Ohio. The instrument was signed by the witnesses in the home of the decedent. The signature at the end of the purported will is that of the decedent.

There were several hearings on the matter of probate, and each witness testified fully at two of them, their testimony in each instance being substantially as follows:

Mrs. Ritchie says she was called by a Mrs. Winter to the home of decedent to be a witness to a paper "so that if Millie [the decedent] got sick she [Mrs. Winter] could pay bills." This witness said she did not know what she was signing; she was not told it was a will; and she did not see either the decedent or Mrs. Lucal, the other attesting witness, sign the instrument. Mrs. Ritchie admitted the signature is her handwriting, but she is vague as to why she signed "Rusha" above "LeRoy." She remembers that the decedent was in an archway near her, and that there was a man present, but she was not introduced to him.

Mrs. Lucal, the other subscribing witness, said that, although she could not remember the occasion of the execution of this will, the signature is her handwriting. She said she "knew the purpose for which" she signed as a witness. She further testified, in response to interrogation by counsel, as follows:

"* * * Do you recall when you signed this whether or not you saw Mrs. Schulz sign? A. Miss Schulz you mean?

"Q. Yes, Miss Schulz. A. I can't swear to it, but from having done that sort of thing for my husband before, I don't think I would put my signature on it if I hadn't seen her do it.

"Q. In other words, you knew the purpose for which you were signing? A. Yes.

"Q. And was Mrs. Ritchie there? A. I can't remember. I presume she was, knowing the practice that followed. I mean, I had been a witness on a number of occasions, because my husband was an attorney, and it was just convenient to have me

be a witness, and I know that the procedure was to see everybody else signing; but as far as remembering exactly this particular occasion I can't swear to it.

"Q. But you had done this on many occasions in the past? A. Several occasions; yes."

Counsel for the proponents sought to ask the subscribing witnesses to this instrument whether Miss Schulz, the decedent, was, at the date of the instrument, "of sound mind and memory and not under restraint." The answer to this question propounded to Mrs. Ritchie was not, upon objection, permitted to be given. This refusal on the part of the trial court is assigned as error by the proponents of the will, although Mrs. Lucal was asked this question, and she answered that Miss Schulz was then of full mind and memory and not under any restraint.

Under the circumstances herein, it was not prejudicial error to refuse to permit Mrs. Ritchie to testify on the same subject. It was otherwise shown that Miss Schulz was of full age.

At the beginning of consideration herein, we must note that this is not an action to contest a will, but an appeal from an order refusing to probate an instrument claimed to be the last will and testament of Emelie Schulz, deceased.

Section 2107.18, Revised Code (former Section 10504-22, General Code), provides:

"The Probate Court shall admit a will to probate if it appears that such will was attested and executed according to the law in force at the time of execution in the state where executed, or according to the law in force in this state at the time of death, or according to the law in force in the state where the testator was domiciled at the time of his death, and if it appears that the testator at the time of executing such will was of full age, of sound mind and memory, and not under restraint." See, also, Section 2107.181, Revised Code.

There were thus certain matters for the proponents to establish in this case: (1) Was the will attested and executed according to the law in force in this state at the time of the death of Emelie Schulz? and (2) Was the testatrix, at the time of executing such will, of full age, of sound mind and memory, and not under restraint?

Certain questions arise with respect to the quantum and

quality of proof necessary to have a will admitted to probate, such as: Must the proof be by a preponderance of the evidence, or is it necessary only to show a prima facie case? Does it require the testimony of both subscribing witnesses to make a prima facie case, so that a proponent is at the mercy of the willful acts of a subscribing witness or is subject to the faulty memory of one or both witnesses to the purported will? Is there any value to be attached to the attestation clause, which in this case was printed in due form as an integral part of the instrument presented herein? Is there a greater degree of proof necessary when both subscribing witnesses are alive than when one or both of such witnesses are dead, mentally incompetent, or "gone to parts unknown"? See Section 2107.16, Revised Code (Section 10504-20, General Code).

In the case of *In re Will of Elvin,* 146 Ohio St., 448, 66 N. E. (2d), 629, the court laid down the following rules with respect to the subject herein:

"Under Sections 10504-18 and 10504-22, General Code, the following principles govern the hearing on an application to admit a will to probate: (a) No issue is presented for a contest of the will between its proponents and opponents; (b) opponents of the will may cross-examine witnesses fully upon the dueness of attestation and execution, the mental capacity of the testator and undue influence, but are not allowed to call witnesses against the admission of the will to probate; (c) a prima facie case in favor of the validity of the will is all that is required, and when all the evidence shows as a matter of law that such a prima facie case is made out, the court must admit the will to probate, even though the evidence is conflicting."

The Court of Appeals of the First Appellate District, in the case of *Roosa, Exr.,* v. *Wickward,* 90 Ohio App., 213, 105 N. E. (2d), 454, said:

"1. A proceeding to probate a will is not an adversary one, and all that can be required to admit the will to probate is a prima facie case, and, when such appears by substantial evidence, the court must admit the will to probate.

"2. In a proceeding to probate a will, a prima facie case is made where the proof of record in favor of the validity of the

will is sufficient to support a finding in favor of its validity, if all the evidence to the contrary be disregarded.''

In the case before us, if we consider one witness only, Mrs. Ritchie, and we neglect all else, we might have a failure to meet the standard required to probate the will; but with conflicting evidence, some weight must be given to the testimony of Mrs. Lucal and also as to the effect of the attestation clause. That clause, subscribed by each witness, says:

''The foregoing instrument was signed by the said Emelie M. Schulz in our presence and by her published and declared as and for her last will and testament, and at her request and in her presence, and in the presence of each other, we hereunto subscribe our names as attesting witnesses at Brunswick, Ohio, this 25th day of October A. D. 1950.

Rusha

Mrs. LeRoy Ritchie, residing at Strongsville, Ohio.

Helen A. Lucal, residing at Berea, Ohio.''

Mrs. Lucal said that she had witnessed several wills, and that what happened at each of the other instances where she was a witness she was certain happened here. She knew what was necessary to have a proper execution of a will, although she had no independent recollection of this specific case.

We do not believe it necessary to have both subscribing witnesses testify to all facts concerning the execution of a will, or that, if there is conflicting testimony by one of the witnesses, it would not make a prima facie case. Wills are admitted to probate where neither witness is alive or able to testify, and wills are admitted to probate where only one subscribing witness testifies.

It is not unusual for a witness to forget the details of execution, where it is established that the signature of the witness is genuine and the other signatures authentic. Some credence, for the purpose of probate, must be given to the attestation clause; for, although it does not establish verity, it, along with the proper signatures of two witnesses and the decedent testatrix, must be considered with all other evidence in the case.

In *Roosa, Exr.,* v. *Wickward, supra,* the court said, at pages 221 and 222:

"* * * the due execution of the will may be proved and the will admitted to probate by witnesses independent of and even in contradiction to the testimony of the attesting witnesses. The law does not require a will to be proved as well as attested by a specific number of witnesses. A will may be proved by one witness, though it must be attested by two. In other words, the number of witnesses required to prove a will may be less than the number of subscribing witnesses demanded by the statute. A presumption of due execution of a will arises from the fact of attestation, reciting an observance of all statutory requirements, in the absence of contest as to the genuineness of the signatures of testator and witnesses."

A collation of many authorities in 76 A. L. R., 617, is set out following this statement of the rule, with respect to the presumption as to due execution of a will from the attestation clause only:

"It is a well-established rule that a complete attestation clause reciting an observance of all statutory requirements raises a presumption of the due execution of a will if there is no contest as to the genuineness of the signatures of the witnesses, or that of the testator, or after these signatures are proved to be genuine."

In 1 Page on Wills (Lifetime Ed.), Section 374, and 2 Page on Wills (Lifetime Ed.), Section 755 *et seq.*, the author comments, with a citation of many authorities, on the presumption of due execution of a will which arises where there is a complete attestation clause as a part of the will sought to be probated.

The presumption of due execution which arises on proof of the signature of the testator and the signatures of the witnesses, accompanied by a complete attestation clause, as we find in the instant case, is very strong. Professor Page comments on the fact that the testimony of the subscribing witnesses is not conclusive, and also that there is a presumption of due execution which arises from the character of the scrivener who supervised the execution of the will. In the case before us, we have testimony that Mr. Lucal, the husband of one of the subscribing witnesses, was the lawyer who prepared the will and who was present when the will was executed.

In *McWilliams* v. *Central Trust Co.*, 51 Ohio App., 246, 200 N. E., 532, the court said on this subject:

"1. A proceeding to probate a will is not an adversary one; all that can be required is a prima facie case, and when such appears by substantial evidence it is mandatory upon the court to admit the will to probate.

"2. In a proceeding to probate a will it is not the duty of the court to weigh the evidence for or against the validity of the will, further than to determine whether there is substantial evidence tending to establish the essential facts necessary for the probate thereof as set forth in Section 10504-22, General Code."

We realize that the opinions herein cited were based upon the former General Code Section (10504-22), but the present Revised Code Section (2107.18) does not change the requirement with respect to probate in any material respect.

We determine, therefore, in this case, that it was not necessary, in order to probate this will, that both attesting witnesses orally testify that all the statutory requirements regarding the execution of the will had been complied with; but where, as here, all signatures to the instrument are genuine, the attesting clause is in due form, and there is oral testimony by one of the witnesses that she knew it was the will of the testatrix which she was signing, and that the testatrix was of full age, of sound mind and memory, and not under any restraint, a prima facie case is established. The Probate Court should admit this will to probate.

The judgment herein is reversed, and the cause is remanded to the Probate Court with instructions to admit the will of Emelie Schulz, deceased, to probate.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and DOYLE, J., concur.

STEVENS, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.