WILMER A. TIMS v. CORNELIUS V. TIMS ET AL.

1. VALIDITY OF WILL UPON CONTEST SUSTAINED ONLY WHEN EXECUTED PURSUANT TO STATUTE.

Upon a contest of a will, its validity will be sustained only when it appears that such will was executed in accordance with the provisions of Rev. Stat. 5916 (Gen. Code 10505).

2. TESTATOR REQUIRED TO BOTH SUBSCRIBE AND ACKNOWLEDGE WILL IN PRESENCE OF SUBSCRIBING WITNESSES.

The provisions of R. S. 5916 (Gen. Code 10505) require that the testator shall not only subscribe but acknowledge the will as his will, in the presence of two subscribing witnesses.

Tims v. Tims.

3. FAILURE OF TESTATOR TO DECLARE PAPER WRITING HIS WILL TO SUB-
SCRIBING WITNESS NOT PRESENT AT WRITING INVALIDATES WILL.

T signed what purported to be his will and the same was signed
by the scrivener thereof and a son of said testator as witnesses
thereto, but the latter was not present when said paper writing
was written, nor did said testator make known to him that said
paper writing was his will. *Held*, that said paper writing was
not subscribed and acknowledged as contemplated by the pro-
visions of said R. S. 5916 (Gen. Code 10505), and the same is
not therefore a valid will.

4. EXCLUSION OF TESTIMONY OF CONTRADICTORY STATEMENTS OF SUB-
SCRIBING WITNESS AS TO HIS KNOWLEDGE OF INSTRUMENT SIGNED,
ERRONEOUS.

Where testimony is offered on the trial by the contestants of an
alleged will tending to show that one of the witnesses thereto
made contradictory statements at different times touching his
knowledge that the paper writing signed by him as such witness
was subscribed and acknowledged as testator's will, it is error
upon the part of the trial court to exclude such testimony.

[Syllabus by the court.] ·

ERROR to common pleas court.

*Wilkins, Owen & Carr,* for plaintiff in error.

*F. O. Levering,* for defendants in error:

Cited and commented upon by the following authorities:
*Raudebaugh* v. *Shelly,* 6 Ohio St. 307; *Haynes* v. *Haynes,* 33
Ohio St. 598 [31 Am. Rep. 579]; *Keyl* v. *Feuchter,* 56 Ohio St.
424 [47 N. E. Rep. 140].

**SHIELDS, J.**

The proceeding in the court below was brought to contest
the validity of the last will and testament of A. W. Tims, de-
ceased.

The petition is in the usual form, and in substance alleges
that on September 26, 1907, A. W. Tims, a resident of Knox
county, Ohio, died in this county, and was possessed of certain
real and chattel property; that the plaintiff is an heir at law,
being a son of said decedent; that a certain paper writing pur-
porting to be the last will and testament of the said A. W.
Tims, under date of September 14, 1907, was presented to the
probate court of said county and was on November 23, 1907,
admitted to probate by the probate court of said county; that
letters testamentary were issued thereon by said probate court
to the defendant, Cornelius V. Tims, as executor; that the

defendants, except Caroline Sheedy, are heirs of the said A. W. Tims, and his children, and by the terms of said paper writing are named as devisees and legatees of the said A. W. Tims, including the plaintiff, Wilmer A. Tims, and Caroline Sheedy, the wife or relict of A. W. Tims, named as devisee, and Caroline Sheedy, as administratrix of John Tims, deceased. The plaintiff avers that said paper writing is not the last will and testament of the said A. W. Tims, and therefore prays that an issue may be made up and tried as to whether said paper writing is the last will and testament of the said A. W. Tims, and that the same may be set aside, and that the same may be found and declared not to be the last will and testament of said A. W. Tims.

The defendants, Cornelius V. Tims, Rose Coile, Joan Tims and Caroline Sheedy, individually as well as administratrix of John Tims, deceased, answer and say that they admit the death of A. W. Tims, who was possessed of certain real estate and chattel property, and that the plaintiff is an heir of said decedent; they admit that said A. W. Tims made a last will and testament under date of September 14, 1907, which was admitted to probate by the probate judge of said Knox county on November 23, 1907, and that letters testamentary thereon were duly issued to the defendant, Cornelius V. Tims, as executor, who qualified and has been acting as such; they further admit that all the defendants named in the petition, except Caroline Sheedy, are heirs at law and legatees in said last will and testament, and that the defendant, Caroline Sheedy, formerly Caroline Tims, was made a devisee and legatee under said last will and testament, as the widow of A. W. Tims; they further answer, denying all the allegations in the petition other than those expressly admitted to be true, and say that A. W. Tims was, at the time of making said last will and testament, of sound mind and memory; that he was not under any undue influence whatever, and that he was not persuaded or coerced into signing said last will and testament, and that he made the same freely and voluntarily, and they pray that the issue may be made up as to whether said paper writing is the last will and testament of the said A. W. Tims,

and that the same may be declared to be the valid last will and testament of A. W. Tims.

With the issue thus made up by the petition and answer of the defendants, trial was had, and at the close of the evidence on behalf of the plaintiff a motion was made by the defendants that the court instruct the jury to return a verdict for the defendants, which motion was sustained by the court, and the jury was so instructed, and a verdict was thereupon returned for the defendants, and in favor of sustaining said last will and testament. A motion for a new trial was filed, to set aside the verdict for numerous errors assigned, which motion was overruled, and exceptions taken, and judgment was rendered on the verdict. Error is now prosecuted to this court, and the petition in error recites the following grounds of error: First, said court erred in overruling the motion of plaintiff in error for a new trial. Second, said court erred in its directing the jury to bring in a verdict sustaining the will. Third, said judgment was given for the defendants when it ought to have been given for the plaintiff.

The principal error complained of is that said last will and testament is invalid for want of due execution under the law. The record discloses that A. W. Tims died September 26, 1907, leaving what purports to be his last will and testament, in the words following, to wit:

"In the name of the Benevolent Father of All:

"I, A. W. Tims, knowing the uncertainty of human life, do this 14th day of September, 1907, make and publish this, my last will and testament.

"Item 1st. I do hereby give and bequeath to my wife, Caroline Tims, during her natural lifetime, if she does not remarry, all my real estate, consisting of about one hundred acres, upon which I now live. If she re-marry, the property is then to be divided equally among my six children. At the death of my wife the farm shall be sold, and each of children share equally.

"Item 2nd. I give and bequeath to my son, Cornelius V., Three Thousand Dollars in money or promissory notes of which I am seized at my death.

"Item 3rd.   To my son, John, I give and bequeath the sum of Two Thousand Dollars in money or promissory notes of which I am seized at my death.

"I authorize my son, Cornelius, to collect enough on out-standing notes to pay him for notes which he holds against me, and also $105.00 for which he holds no note. All money or notes not disposed of in this will shall be put on interest and used by the family.   (Over.)

"I do hereby make and appoint my son, Cornelius V. Tims, without bond, as executor of this instrument.

(Signed)   A. W. TIMS.

A. W. TIMS.

"Signed and sealed in the presence of us.

SAMUEL WRIGHT,
CORNELIUS TIMS."

The record also discloses that the said A. W. Tims, on the said September 14, 1907, requested his son, Cornelius V. Tims, to call Samuel Wright to the house of the said decedent, as said decedent desired to see him. The son did so, and then re-turned to his work upon decedent's farm, and while so at work on said day said Wright called at the house of decedent and conferred with him in his bedroom; that at the request of decedent said Wright, who was a justice of the peace (and who has since deceased), wrote said paper writing, and after it was written the son was again called from the farm into the room of the decedent, where said Wright and the decedent were, and where he says he saw his father sign his name to said paper writing, and after so signing it he asked for his glasses, and asked said Wright to sign his (decedent's) name for him, which he did. Said Wright and said Cornelius V. Tims signed said paper writing as witnesses. Some time after said paper writing was so signed, and while in said bedroom, the said Cornelius V. Tims says that his father told him that he had designated him as executor in said paper writing. This, in substance, is the testimony with respect to the paper writing in question, as shown by the record.

R. S. 5914 (Gen. Code 10503), provides who may make a

Tims v. Tims.

will and R. S. 5916 (Gen. Code 10505) provides how a will may be made; said latter section provides as follows:

"Every last will and testament (except muncupative wills hereinafter provided for) shall be in writing, and may be handwritten or typewritten, and such will shall be signed at the end thereof by the party making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of such party, by two or more witnesses, who saw the testator subscribe, or heard him acknowledge the same."

In an action authorized by R. S. 5858 (Gen. Code 12079), to contest the validity of a will, the issue to be made up and tried is prescribed by R. S. 5861 (Gen. Code 12082), and is whether the writing produced is the last will, or codicil, of the testator, or not. In the case at bar the testamentary capacity or the intention of the testator were not in issue, but it is urged by the plaintiff in error that it was not executed according to law. It is contended that the law requires certain formalities to be observed in the execution of a will, and that these formalities must be complied with before it can be said to be clothed with the characteristics of a will; that under the laws of this state the manner of the execution of a will is governed solely by statute, which must be followed, and which cannot be changed or departed from if the instrument is to be regarded as a will under the law. *Irwin* v. *Jacques*, 71 Ohio St. 395, 409 [73 N. E. Rep. 683; 69 L. R. A. 422]. It must be executed as required by the statute with reference to the signatures of the testator and attesting witnesses. When a will is to be proven, and the sanity of the testator, for instance, is put in issue, the law does not presume that the testator was sane at the time of signing the will, as in the case of other instruments, but his sanity is to be proved, and the subscribing witnesses are required to attest to the capacity of the testator, including his sanity. So, too, with any other claim that may be made with reference to the condition of the testator: The attesting witnesses, before the will can be admitted to probate, must make oath that he or she was of sound mind and memory,

and not under any restraint at the time of the execution of the will.

Counsel for defendants in error contend that the provisions of said R. S. 5916 (Gen. Code 10505) were fully complied with in the execution of the said paper writing, and that the court was warranted, under the evidence submitted upon the trial, in directing the jury to return a verdict upholding said paper writing as a will. True, the court is authorized to direct the jury to return a verdict sustaining a will when the evidence does not tend to prove the issue on the part of the contestants, but was such action on the part of the court, under the evidence, warranted in the case at bar? The son, who was one of the subscribing witnesses to the said paper writing, testified that his father had spoken of his intention to make a will some time before said paper writing was made on the day named, and that on said day his father told him, some time after he had witnessed the said paper writing, that he had been named as executor in his will; but it appears that when he signed said paper writing as one of the witnesses thereto nothing was said or made known to him by anyone as to what paper he was signing, nor did his father or said Wright make known to him why he was called from his work on the farm into the room where they were. Under this evidence, can it be said that said paper writing was executed according to law as a will?

As stated, R. S. 5916 (Gen. Code 10505) provides that every last will and testament * * * "shall be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge the same." This statute has at various times been construed by our courts, and we are therefore not without authority or precedent. It appears that the decedent was not entirely satisfied with his own signature to the paper, and he thereupon requested said Wright, the scrivener, to write decedent's signature thereto, which he did, placing it immediately below that as made by the decedent. This was not open to objection, but is expressly authorized by statute. But was said paper writing attested and subscribed in the presence of the testator by the witnesses who saw the testator subscribe

Tims v. Tims.

or heard him acknowledge the same, as contemplated by the statute referred to? In the case of *Keyl v. Feuchter*, 56 Ohio St. 424 [47 N. E. Rep. 140], the court say:

"One essential to the admission of the paper writing purporting to be a will to probate is that it shall have been acknowledged by the maker as his will, and his signature also acknowledged, and in the presence of two subscribing witnesses."

And in *Haynes v. Haynes*, 33 Ohio St. 598, 612 [31 Am. Rep. 579], in discussing the requisites of a will, the judge announcing the opinion says:

"Subscription by the testator, * * * and the publication of the same, are independent facts, each of which is essential to the due execution of the instrument."

And again on page 614, in the same opinion, it is said that "The testator must, in some way, acknowledge and publish the paper as his will."

In a legal sense attestation and subscription, as applied to the execution of wills, have different meanings, and are clearly distinguishable. As laid down by eminent text-writers, and interpreted by the courts, the distinction is made that to attest the publication of a paper as a last will, and to subscribe to that paper the name of the witness, are very different things:

"Attestation is the act of the senses; subscription is the act of the hand; the one is mental, and the other mechanical, and to attest a will is to know that it is published as such, and to certify the facts required to constitute an actual and legal publication; but to subscribe a paper published as a will is only to write upon the same paper the name of the witness for the sole purpose of identification. There may be a perfect attestation, in fact, without subscription." Schouler, Wills (2 ed.) Sec. 330.

Hence it is that the fact that a paper writing when signed as a will must be made known to the witnesses attesting the will, and it would seem that there are good reasons why the courts should thus hold. The attesting witnesses by statute are required to make oath as to the testator's mental condition, and they are therefore entitled to be advised as to what they

are signing. Unlike signing a deed or mortgage, or other written instrument, the solemnity of the act at once impresses them, and they instinctively canvass the mental condition of the testator, because of the responsibility that the incident imposes.

Applying these principles to the facts as disclosed in the record in this case, we are of the opinion that the evidence was lacking in meeting the requirements of the statute in respect to the execution of this alleged last will and testament of A. W. Tims, deceased, and that the action of the court in directing the jury to. return a verdict sustaining said alleged last will and testament, under the evidence, was erroneous.

It is further contended by. the plaintiff in error that the court erred in excluding the testimony of the witnesses, P. L. Wilkins and T. F. McKinney, offered by the contestants as to certain conversations had with the said Cornelius V. Tims touching his knowledge that said paper writing was his father's will, when he signed it as a witness, to which action of the court plaintiff in error objected and took exceptions. On page 13 of the record, said McKinney testified that he had a conversation with the said Cornelius V. Tims, in the probate office of said Knox county, at the time said alleged last will and testament was admitted to probate, when he said to him that when he signed the same as a witness he did not know what it was; and that on the occasion of the hearing of the exceptions to the account of said Cornelius V. Tims, as executor, said Wilkins testified that said Cornelius V. Tims told him that he did not know what the paper writing was that he signed. This testimony, we think, was competent, and entitled to be considered by the jury as affecting the credibility of the witness, Cornelius V. Tims; and in excluding the same from the jury, there was prejudicial error to the legal rights of the plaintiff in error.

For the foregoing reasons the judgment of the court of common pleas is reversed and said cause will be remanded to the said court of common pleas for further trial and proceedings according to law.

**Powell** and **Voorhees, JJ.,** concur.