IN RE ESTATE OF WACHSMANN.

(No. 54446—Decided
October 24, 1988.)

*Joseph J. Corso* and *John G. Papandreas,* for appellee.
*Dharminder L. Kampani,* for appellant.

PATTON, J. Appellant, Frank Simmons, appeals from the probate court's refusal to admit into probate a document purported to be a later-dated will of the testatrix, Lillian M. Wachsmann.

On September 8, 1986, the will of Lillian Wachsmann was admitted into probate. The sole beneficiary of the will was Wachsmann's mother, who had resided with testatrix for many years. On October 23, 1986, appellant filed a document purporting to be a later-dated will by testatrix. The purported will was written on the back of a restaurant receipt and signed by two restaurant employees. Appellant was named as the sole beneficiary of Wachsmann's estate.[1]

A hearing was held before a referee. Neither of the witnesses to the later-dated document remembered the testatrix signing the document, although both acknowledged that their signatures appeared on the purported will. The referee issued an interlocutory order denying the admission into probate of the document and continued the matter for further testimony.

At a second hearing, appellant testified that he had drafted the document at dinner and that both witnesses were aware that they were attesting and subscribing Wachsmann's will.

The referee's report recommended invalidating the later-dated document on two grounds: (1) that there was no evidence that the will had been made in compliance with the Statute of Wills; and (2) that, as the only witness who remembered Wachsmann signing the document, appellant was precluded from taking under the document even if his testimony established the validity of the document. See R.C. 2107.05. The referee also concluded that appellant's testimony was self-serving and of little or no value to the court in proving the validity of the later-dated document.

Appellant objected to the referee's report. Those objections were overruled; the court adopted the findings and recommendations of the referee and entered judgment accordingly.

Appellant timely appeals, assigning the following errors:

"I. The probate court erred by adopting the following findings of the referee which were against the mani-

_____
[1] Appellant was also named as beneficiary to three life insurance policies and has collected $50,000 on one policy.

fest weight of the evidence and prejudicial to the just rights of the appellant:

"A. That attesting witness Theodore Jacob 'could not recall the incident with any clarity';

"B. That aside from the beneficiary's testimony 'there [was] no testimony of the signing that would lead the court to conclude that there had [been] a compliance with the Ohio Statute of Wills in the preparation of the instrument'; and

"C. That the testimony of the witnesses did not establish a prima facie case for admissibility of the tendered last will and testament into probate.

"II. The probate court erred by adopting the recommendation of the referee which determined and weighed evidence concerning execution and attestation in violation of the Section 2107.181 which authorizes only an inquiry to elicit whether a prima facie case has been made for admissibility."

The assigned errors will be addressed jointly since they both raise issues relating to the establishment of a prima facie case for the will's admission to probate and the probate court's treatment of the evidence. We agree that the court improperly weighed the evidence and that appellant established a prima facie case for probating the will; hence, we reverse the judgment below.

R.C. 2107.18 provides in relevant part:

"The probate court shall admit a will to probate if it appears from the face of the will, or if demanded under section 2107.14 of the Revised Code, from the testimony of the witnesses that its execution complies with the law in force at the time of execution in the jurisdiction where executed, or with the law in force in this state at the time of death, or with the law in force in the jurisdiction where the testator was domiciled at the time of his death."

R.C. 2107.14 allows for an examination of witnesses to the will upon demand of an interested party. This includes compelling testimony of any witnesses requested by the will's proponents.

The application to admit a will to probate is not an adversarial proceeding. *In re Will of Hathaway* (1854), 4 Ohio St. 383. This is so because, before probate, a will is without any legal effect and cannot be made the subject of a proceeding to contest it. *Id.* at 386; *In re Will of McGraw* (1967), 14 Ohio App. 2d 87, 43 O.O. 2d 207, 236 N.E. 2d 684. Hence, a prima facie case in favor of the validity of the will is all that is required, and when all the evidence shows as a matter of law that such a prima facie case is made out, the court must admit the will to probate, even though the evidence is conflicting. *In re Will of Elvin* (1946), 146 Ohio St. 448, 32 O.O. 534, 66 N.E. 2d 629, syllabus; *In re Estate of Lyons* (1957), 166 Ohio St. 207, 2 O.O. 2d 26, 141 N.E. 2d 151, paragraph one of the syllabus.

When conducting a hearing pursuant to R.C. 2107.14, the probate court is not authorized to weigh the evidence or act as trier of fact. *In re Estate of Lyons, supra,* at 212-213, 2 O.O. 2d at 29, 141 N.E. 2d at 154. As long as there is substantial evidence to show that the statutory elements of R.C. 2107.03 relating to the making of a will have been fulfilled, a prima facie case is presented. To that end, the probate court must listen to all evidence presented at the hearing, and the failure of memory of the attesting witnesses will not defeat the admission of the purported will if other competent testimony can establish the validity of the will. *Haynes* v. *Haynes* (1878), 33 Ohio St. 598, paragraph four of the syllabus; *In re Estate of Lyons, supra,* at paragraph two of the syllabus; *In re Young* (1978), 60 Ohio App. 2d 390, 14 O.O. 3d 359, 397 N.E. 2d 1223.

R.C. 2107.03 governs the method of making a will. The statute essentially mandates four requirements for a valid, non-oral will: (1) the will must be in writing; (2) it must be signed at the end by the party making it; (3) it must be attested and subscribed[2] by two competent witnesses; and (4) those witnesses must have seen the testator subscribe or heard the testator acknowledge the signature on the will. The parties agree that the purported will is in writing and was signed at the end by the testatrix. The issues are whether the witnesses sufficiently attested the will or the testatrix acknowledged her signature.

The two witnesses to the document testified at the hearing. Maria De Negris confirmed her signature on the document, but could not remember anything relating to her signing of the document. The second witness, Ted Jacobs, also identified his signature, but the referee and the probate court agreed that Jacobs did not know the instrument he was signing was a will. Jacobs's testimony was unclear as to whether he witnessed testatrix's signature or heard her acknowledge it. Appellant later testified that he was present at the occasion, that both witnesses knew they were signing a will and that testatrix signed the will in their presence.

The facts in this case are nearly identical to those of *In re Estate of Lyons, supra.* In *Lyons,* three witnesses to a will were called to testify. Two of the three witnesses stated that the testator had failed to sign his name in their presence or acknowledge his signature. The third witness maintained that the testator signed his name in the presence of the witnesses. In reversing a decision refusing to probate the will, the Supreme Court held that the probate court improperly acted as a trier of fact in disbelieving the testimony of the witness claiming that the testator had properly signed the will. The court emphasized that "[e]ven though all who have apparently signed as attesting witnesses affirmatively testify that the instrument was not attested and executed according to law, such execution and attestation may be established by other competent evidence." *Id.* at 211, 2 O.O. 2d at 28, 141 N.E. 2d at 153.

In the instant case, appellant, though not a witness to the will, gave substantial evidence to demonstrate that the will had been properly attested. We reject appellee's contention that appellant, as proponent and sole beneficiary of the will, was automatically incompetent to testify. Appellant is an interested party, but not an interested witness to the will as contemplated by R.C. 2107.05, which makes a bequest to one of two attesting witnesses to a will void. See, generally, *Rogers* v. *Helmes* (1982), 69 Ohio St. 2d 323, 23 O.O. 3d 301, 432 N.E. 2d 186. Appellant did not sign the will; hence, he was not a legal witness to it. There is no showing that appellant was incompetent for purposes of R.C. 2317.01. See *Blankner* v. *Lathrop* (1959), 169 Ohio St. 229, 230, 8 O.O. 2d 221, 222, 159 N.E. 2d 229, 230. Thus, the probate court's conclusion that appellant's testimony was "unqualifiedly self-serving and of little or no value to the court in proving the validity of the purported later-dated

---

[2] Subscription is the physical act whereby a subscribing witness affixes his signature on a will for purposes of identification. *Tims* v. *Tims* (1911), 14 Ohio C.C. (N.S.) 273; *In re Will of Pettis* (1930), 29 Ohio N.P. (N.S.) 41. Attestation is the act whereby a subscribing witness either sees the testator sign the will or hears an acknowledgment of a signature previously placed on the will. *In re Will of Reckard* (1914), 15 Ohio N.P. (N.S.) 465; *Tims* v. *Tims, supra.*

will'' necessarily shows that the court weighed the evidence and acted as trier of fact relating to the credibility of the witnesses. It is clear that appellant's testimony, standing alone, established a prima facie case for the will's admission to probate. Absent a showing that appellant was incompetent to testify, the court erred in refusing to probate the will since a prima facie case establishing the statutory requirements for making a will had been made. The assigned errors are sustained, and the cause is remanded to the probate court for further proceedings.

*Judgment reversed and cause remanded.*

MARKUS and NAHRA, JJ., concur.