DECISION
Andrew Stischok ("Andy") died in October 1999. His Last Will and Testament, dated November 9, 1998 and Codicil, dated December 8, 1998, were admitted to probate on October 25, 1999. Plaintiffs-appellees, Pete Stischok, Theresa Stischok (McCune), Mildred Smith and Jay Stischok, relatives of Andy, filed a complaint contesting the will alleging that defendant-appellant, Dorothy Mingus, had exerted undue influence over Andy and his decisions, and that the will and codicil were not properly executed or witnessed. An amended complaint was filed seeking to add additional parties.
Appellees filed a motion for partial summary judgment alleging that one of the witnesses to the will and codicil was not present at the time that Andy executed the will and codicil and, therefore, they were not executed in accordance with the requirements of R.C. 2107.03. The trial court granted the motion and appellant, Dorothy Mingus, filed a notice of appeal, raising the following assignment of error:
 THE PROBATE COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFFS-APPELLEES BECAUSE GENUINE ISSUES OF FACT EXISTED WITH REGARD TO WHETHER THE WILL WAS PROPERLY EXECUTED.
By the assignment of error, appellant contends that the probate court erred in granting partial summary judgment to appellees. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150,151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
Appellant makes two arguments, first, citing In re Will of McGraw (1967), 14 Ohio App.2d 87, 90, a presumption that a will was properly executed arises from the attestation clause in the absence of contest as to the genuineness of the signatures of the testator and witnesses. Appellant also argues that in a will contest, if the will was admitted to probate, a prima facie case that the will was properly executed arises. R.C. 2107.74. Thus, appellant contends that, since Andy's will was admitted to probate, a prima facie case of validity arose and created a genuine issue of material fact to be resolved by a jury and summary judgment was improperly granted to appellees. Appellant's second argument is that the probate court improperly weighed the testimony of the witnesses. We agree with appellant's arguments.
The record in this case demonstrates that Edward Lombardo was Andy's attorney and prepared both the will and the codicil. In his deposition, Edward testified that he had a recollection of the signing of this will. He testified that the wills were always signed in Andy's home and, when this one was signed, no one other than the two of them was present. Andy signed the will and Edward signed as a witness. When Edward told Andy they needed another witness, Andy suggested that they have Edward's wife, Margaret, sign as the second witness. Edward testified that he told Andy at that time, "Andy, if someone challenges the will, it is going to be knocked out." Andy did not respond, so Edward took the will home and had Margaret sign it. The same procedure was followed for the codicil.
Appellees submitted an affidavit from Edward's wife, Margaret Lombardo, with their motion for partial summary judgment. In her affidavit, Margaret testified that her name and signature appear on both the will and codicil as a witness, but she was not present when Andy signed them. Also, since she was not present, she did not hear Andy declare the documents to be his last will and testament. She also stated that she was not present when her husband signed the documents as a witness. Margaret's deposition is also in the record. During her deposition, Margaret identified her signature, her husband's signature and Andy's signature. She then "suppose[d]" it was Andy's signature on the last page. She testified that she did not remember signing the will or where she was when she signed it, but believed she signed the document while at her home. She did not recall, but believed she signed the document before her husband. She also did not remember signing the codicil. When asked about the discrepancy between her affidavit and her deposition testimony, she replied that she was not sure whether she was present when Andy signed the will or not.
The probate court found that the two depositions provided evidence that reasonable minds could only conclude that the will and codicil were not properly executed. R.C. 2107.03 provides that every written will "shall be * * * attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature." Attestation and subscription to a will or codicil are two separate and distinct acts in the process of execution and the statute requires both for the proper execution of a will or codicil. Subscription is the physical act of affixing a signature for purposes of identification. In re Estate of Wachsmann (1988),55 Ohio App.3d 265, 267, fn 2. Attestation is the act by which the subscribing witnesses hear the testator acknowledge his signature or see him sign the document in their presence. Id. If the will or codicil is signed outside the presence of the witnesses, the witnesses must hear the testator acknowledge his signature. Underwood v. Rutan (1920),101 Ohio St. 306, 311.
R.C. 2107.74 provides that, "[o]n the trial of any will contest under section 2107.71 of the Revised Code, the order of probate is prima-facie evidence of the attestation, execution, and validity of the will or codicil." The contestant then bears the burden of proving undue influence. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 64. The court, in Krischbaum, at 64, concluded that the "`[p]rima facie evidence'" was evidence which supports, but does "not require, a verdict in favor of the party offering the evidence." Thus, a rebuttable presumption of validity is created by R.C. 2107.74. In this case, the presumption of validity and the deposition testimony create a genuine issue of material fact as to whether the will was properly executed.
We also find that there is a conflict in the testimony of Margaret. In her affidavit she stated that she was not present when Andy signed the will and the codicil. Also, since she was not present, she did not hear Andy declare the documents to be his last will and testament. However, in her deposition, Margaret stated that she did not remember signing the will or codicil, nor did she remember where she was when she signed them. Thus, she may have been present when Andy signed the will and codicil. In Turner v. Turner (1993), 67 Ohio St.3d 337, 341, the Supreme Court of Ohio stated, as follows:
 In deciding whether an evidentiary conflict exists so as to preclude summary judgment, a trial court must adhere to Civ.R. 56(C) and view the record in the light most favorable to the party opposing the motion. Kunkler v. Goodyear Tire Rubber Co. (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480. Even the inferences to be drawn from the underlying facts contained in the affidavits and depositions must be construed in the nonmoving party's favor. Hounshell v. Am. States Ins. Co. (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. * * * Therefore, even though defendant's affidavit does not explicitly contradict her earlier statements made while being deposed, we nonetheless find an evidentiary conflict * * *. [Emphasis sic.]
As in Turner, we find Margaret's affidavit and deposition testimony conflict and create an issue of material fact as to whether Margaret was present when Andy signed the will. Although the probate court relied upon Edward's deposition testimony in which he stated that Margaret was not present when Andy signed the will and codicil and that Edward asked her to sign them, not Andy, weighing of the evidence is not the job of the trial court on a motion for summary judgment. Grant v. Ohio Dept. of Liquor Control (1993), 86 Ohio App.3d 76, 84, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112; Harless, supra. Thus, appellant's assignment of error is well-taken.
For the foregoing reasons, appellant's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas, Probate Division, is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.
 __________________ KENNEDY, J.
DESHLER, J., concurs. LAZARUS, J., dissents.