OPINION
Appellant, Virginia Kochilla, appeals the July 9, 2001 judgment entry of the Lake County Court of Common Pleas, Probate Division, overruling the magistrate's decision and denying appellant's application to probate a last will and testament ("will").
On April 10, 2000, appellee, Amelia M. Sintic, filed an application for authority to administer the estate of her son, James P. Sintic ("the decedent").[1] Appellee was appointed administrator of the estate on April 12, 2000. On May 26, 2000, appellant, the decedent's "lady friend," filed a petition to admit a photocopy of the lost or spoliated will of the decedent. Appellant attached a photocopy of the handwritten will dated April 27, 1994, to her petition and affidavits from the three witnesses who claimed to witness the deceased's signature.
On August 17, 2000, appellant filed a "Notice of Withdrawal of Petition to Admit a Lost or Spoliated Last Will and Testament." On August 28, 2000, she filed an application to probate the will. Appellant also filed an application for authority to administer the estate. The application contained another copy of the handwritten will, but that copy contained cancellations and obliterations in red ink. Appellee opposed the admission of the will to probate on the ground that it was not properly executed or if it was properly executed, the decedent had revoked it.
A hearing was held before a magistrate on January 10, 2001. At the hearing, appellant's attorney, in referring to the will with the red markings, stated that "despite the red markings on [the will, it] should be admitted for probate * * * and processed in such a way that the original will is complied with without the red markings."
James Kernya ("Kernya") took the stand and related that the decedent had asked him to sign the will. He explained that he "did not see [the decedent] sign the will," because the will already bore the decedent's signature. Kernya stated that the decedent told him that he had signed the will, and he recognized the signature.
William Landers ("Landers") testified that the decedent had asked him to sign his name as a witness to the will. Initially, Landers thought he saw the decedent sign the will, but he was not sure. Later, on cross-examination, he stated that he believed that the decedent signed the will after the witnesses did. Landers also recalled that the decedent did not tell him he was going to sign the will.
Dana Shoff ("Shoff") stated that he did not see the decedent sign the will. He thought the will was signed before he put his name on it. Shoff also indicated that the decedent did not tell Shoff that it was his signature on the document. Shoff averred that the red markings on the other will were in the handwriting of the decedent.
On March 29, 2001, the magistrate issued a decision and recommended that the will be admitted to probate since there was a prima facie case of proper execution. The magistrate also stated that "the issue of the will's revocation [was] to be reserved for another day." However, in the findings of fact, the magistrate stated that there was only one witness who saw the decedent sign the instrument or heard him acknowledge his signature. On that same date, appellee filed objections to the magistrate's decision. The trial court conducted an independent review of the record, and in a judgment entry dated July 9, 2001, it struck the deposition testimony of the witnesses, sustained appellee's objection to the magistrate's decision pursuant to Civ.R. 53(E)(4)(b), and denied the application to probate the will. It is from that entry that appellant timely filed the instant appeal and asserts a single assignment of error[2]:
 "The trial court erred to the prejudice of [appellant] in finding that the [will] of [the decedent] was not properly attested pursuant to R.C. 2107.03 and applicable case law."
In her sole assignment of error, appellant argues that the trial court erred in finding that the decedent's will was not properly attested and executed.
The Supreme Court has stated that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, syllabus. R.C. 2107.03 provides:
 "Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."
Attestation and subscription to a will are two separate and distinct acts in the process of execution, and pursuant to R.C. 2107.03, both are required for proper execution. Subscription is the physical act of affixing a signature for purposes of identification. In re Estate ofWachsmann (1988), 55 Ohio App.3d 265, 267, fn 2. Attestation is the act by which the subscribing witnesses hear the testator acknowledge his signature or see him sign the document in their presence. Id. It is not absolutely necessary that the testator sign a will in the presence of witnesses. Groves v. Potocar (Dec. 1, 2000), 11th Dist. No. 99-L-098, 2000 WL 1774169, at 2. If a will "is signed outside the presence of the witnesses, the witnesses must hear the testator acknowledge hissignature." (Emphasis added.) Stischok v. Stischok (June 28, 2001), 10th Dist. No. 00AP-696, 2001 WL 721812, at 3, citing Underwood v. Rutan
(1920), 101 Ohio St. 306, 311.
In the case at bar, the first witness, Kernya, testified that he did not see the decedent sign the document in his presence prior to affixing his own signature on the document. However, the decedent told Kernya that he had signed it. The next witness, Landers, initially testified that he thought he saw the decedent's will, but he was unsure. However, on cross-examination, he recalled that the decedent signed the will after the witnesses did, and that the decedent did not acknowledge his signature. The final witness, Shoff, testified that he did not see the decedent sign the will. The decedent also did not acknowledge his signature on the document to Shoff. Hence, the evidence establishes that Kernya properly attested to the document; however, Landers and Shoff did not attest the document in the manner prescribed by R.C. 2107.03.
Moreover, there is evidence that two witnesses signed in blank since they witnessed the will on April 27, 1994, but it was dated as "original" on April 30, 1994. This further supports the trial court's conclusion that at least two people could not have witnessed the decedent's signature.
Appellant relies on Raudebaugh v. Shelley (1856), 6 Ohio St. 307, 315, which states:
 "Where an attesting witness does not see the testator subscribe his name to the will, the law requires that he should hear the testator acknowledge the fact of his having subscribed it. This acknowledgment is not required to be made in any particular words, or in any particular manner. If, by signs, motions, conduct, or attending circumstances, the attesting witness was given to understand that the testator had already subscribed the paper as his will, it was a sufficient acknowledgment." Id. at 316.
We note that Raudebaugh is distinguishable from the case at bar. In the case presently before us, only one of the three witnesses testified that the decedent acknowledged his signature to them. The other two witnesses, Landers and Shoff, stated that the decedent's signature was not on the will when they signed it, nor did the decedent acknowledge his signature in any manner. Hence, pursuant to Raudebaugh, there was not a sufficient acknowledgment.
Thus, the alleged will was defective on its face. A will signed or acknowledged in the presence of only one witness who subscribes the will is not sufficient. The statute requires two witnesses, and this is mandatory for a will to be admitted to probate.
The statute does not permit a document not witnessed and subscribed by two witnesses to be admitted to probate as the last will and testament of the decedent merely on the basis that the decedent told some witnesses that it was his intention to dispose of his property in the manner set forth in the will without asking them to witness either his signature or acknowledgement of the will. Appellant has not made a prima facie showing of validity of the will in question. This court will not substitute our judgment in place of the probate court's because there was some competent and credible to support the court's decision. We conclude that there was no error.
Appellant's lone assignment of error is not well-taken. Accordingly, the judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] The decedent died on March 27, 2000, leaving no spouse, children, or lineal descendents.
[2] We note that appellant filed a motion for stay on August 28, 2001. This court granted the stay on February 21, 2002.