OPINION *Page 2 
{¶ 1} Appellant appeals the judgment of the Probate Court denying his request to admit his father's last will and testament for probate.
 STATEMENT OF FACTS AND CASE {¶ 2} This case involves the admission of decedent, Dennis D. Pittson Sr.'s Last Will and Testament to Probate. Mr. Pittson died on July 9, 2007. On October 29, 2007, Diana Orlando, the decedent's daughter, filed an application to administer the estate. On November 6, 2007, Dennis Pittson Jr., the decedent's son, presented his father's will to the probate court for admission. The will contained the signature of only one witness.
 {¶ 3} On November 6, 2007, the probate court issued an interlocutory order denying admission of the will and setting the matter for hearing.
 {¶ 4} On November 19, 2007, and November 28, 2007, the Probate Court conducted hearings on the application to administer the estate and admission of the will to probate.
 {¶ 5} On December 21, 2007, the Probate Court, by judgment entry, found that the will did not meet the statutory requirements of R.C. 2107.03 or R.C. 2107.24 and denied appellant's request to admit the will to probate. Additionally, the Probate Court granted the application for authority to administer the estate but found that neither Diana or Dennis were suitable to serve as an administrator and found that it was necessary to appoint an independent third party as administrator.
 {¶ 6} It is from this judgment that appellant seeks to appeal, setting forth the following assignment of error: *Page 3 
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE ADMISSION OF THE WILL OF DENNIS D. PITTSON AFTER A HEARING WAS HELD AND EVIDENCE WAS PRESENTED THAT ESTABLISHED THE REQUIREMENTS OF O.R.C. 2107.24 BY CLEAR AND CONVINCEING (SIC) EVIDENCE."
 {¶ 8} In this assignment or error, appellant argues that the trial court erred as a matter of law in denying appellant's request to admit the will of Dennis D. Pittson for probate. Appellant's assignment of error can be divided into two arguments which are as follows:
 {¶ 9} First, appellant argues that the probate court erred as a matter of law in weighing the credibility of witnesses in the R.C. 2107.24
hearing.
 {¶ 10} Second, appellant argues that the witness testimony at the R.C. 2107.24 hearing established by clear and convincing evidence that there were two witnesses to the decedent's signature. Therefore, appellant argues the trial court's denial of admission was against the manifest weight of the evidence.
 {¶ 11} In Ohio, a will must meet certain statutory requirements before it can be admitted to probate. In the Matter of the Estate ofWeilert (Dec. 3, 1998), Franklin App. No. 98AP-390, unreported. The will requirements are set forth in R.C. 2107.03 as follows: (1) the will must be in writing; (2) it must be signed at the end by the party making it; (3) it must be attested and subscribed by two competent witnesses; and (4) those witnesses must have seen the testator subscribe or heard the testator acknowledge the signature of the will. In re Estate ofWachsmann (1988), 55 Ohio App. 3d 265, 563 N.E. 2d 734. *Page 4 
 {¶ 12} In this case, the will was only signed by one witness, Anthony Zumbo. As a result, the trial court conducted a hearing pursuant to R.C. 2107.24 to determine whether there was evidence to establish that the will should be admitted for probate. Pursuant to R.C. 2107.24, if a will is not executed in compliance with R.C. 2107.03, the instrument shall be treated as if it had been executed in compliance with R.C. 2107.03 only if the proponent of the document proves at a hearing, by clear and convincing evidence, the following:
 {¶ 13} "The decedent prepared the document or caused the document to be prepared.
 {¶ 14} "The decedent signed the document and intended the document to constitute the decedent's will.
 {¶ 15} "Two or more witnesses saw the decedent sign the document under division (A)(2) of this section."
 {¶ 16} Initially, appellant argues that the trial court does not have discretion to weigh the credibility of witnesses who testify in a hearing to probate a will. We disagree.
 {¶ 17} Generally, at a hearing the trial court's function as the trier of fact is to observe the demeanor of the witnesses, examine the evidence, and weigh the credibility of the testimony and evidence presented. National City Bank v. Rhoades 2002), 150 Ohio App. 3d 75,779 N.E. 2d 799; Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118.
 {¶ 18} Pursuant to R.C. 2107.18, judicial discretion is limited where the will presented for admission to probate appears complete and regular on its face, i.e. appears to comply with all the formalities of 2107.03. In such a case, the Probate Court does not have the discretion to weigh the evidence, but merely considers the evidence *Page 5 
favorable to the will's validity to determine as a matter of law whether a prima facie case had been made for admission. In re Elvin's Will
(1946), 146 Ohio St. 448, 66 N.E. 2d 629; See also, In re Lyons (1957),166 Ohio St. 207, 141 N.E. 2d 151.
 {¶ 19} In this case, R.C. 2107.18 does not apply. The will which was presented for probate was not complete and regular on its face. Only one witness signature appeared on the will. Therefore, the will was defective on its face. As such the probate court's discretion to weigh the evidence was not limited, and the trial court was obligated to act as a trier of fact.
 {¶ 20} Appellant also argues that the probate court abused its discretion in denying admission of the will because the witness testimony presented at the hearing established the validity of the will by clear and convincing evidence.
 {¶ 21} "Clear and convincing evidence is that measure of a degree of proof which is more than a mere `preponderance of the evidence.' But not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. "Cross v. Ledford, supra, paragraph three of syllabus. It is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E. 2d 578, syllabus.
 {¶ 22} As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long *Page 6 
as there is some competent, credible evidence to support the lower court's findings." State ex rel. Celebrezze v. EnvironmentalEnterprises, Inc. (1990), 53 Ohio St.3d 147, 154, 559 N.E. 2d 1335.
 {¶ 23} During the hearing, the trial court heard the testimony of the following witnesses: Paul Edward Stauffer, Carol Pittson, Dennis Pittson Jr., and Diana Orlando.
 {¶ 24} Paul Stauffer testified that he is married to Sandra Stauffer, the daughter of the decedent. He testified that on December 14, 2000, at his home, he saw the decedent sign the will. He stated that, when the decedent signed the will, he was in the living room approximately two feet away from the decedent.
 {¶ 25} Carol Pittson testified that she is married to Dennis Pittson Jr. She stated that Anthony Zumbo and the decedent both signed the will on December 14, 2000. She stated that she saw the decedent sign the document. On cross-examination, she stated that she was approximately ten feet away from the decedent when he signed the will.
 {¶ 26} Dennis Pittson Jr. testified that on December 14, 2000, at approximately 5:30 P.M., he, Carol, Paul Edward Stauffer, Sandy Stauffer and Anthony Zumbo gathered in the living room of Sandy's house. He stated that the will was prepared by Attorney Lori Mills. He stated that it was the decedent's intention to execute the will and leave him, (Dennis Jr.), everything. He testified that he sat next to the decedent on the couch when the will was signed.
 {¶ 27} Anthony Zumbo testified that he met Dennis Pittson Jr. in high school through the all star bowling league and got to be friends with his family. He stated that on December 14, 2000, he saw Dennis Pittson Sr. sign the will and then he signed as a witness. He stated he was the only non-family member present. He stated the signing *Page 7 
took place at a table in the dining room. He stated the decedent was seated at the table and he was standing next to the table. He stated the table was cluttered and there was only room for one person to sit. He stated no one else was present at the table when Dennis Pittson, Sr. signed the will.
 {¶ 28} Upon review, we find that the trial court did not err by finding that the testimony did not prove by clear and convincing evidence that there were two people who witnessed Dennis Pittson Sr. sign and execute the will. The trial court found in its findings of fact and conclusions of law that the testimony of Dennis, Carol, and Paul Edward was "suspect." Judgment Entry, December 21, 2007. The court noted that Dennis is the sole beneficiary of the estate as set forth in the will, and his wife Carol would therefore benefit monetarily as well. Paul Edward admitted that Dennis and Carol had helped him through the years, and he felt indebted to them. As noted earlier, the trial judge is in the best position to view the witnesses and their demeanor. Id.
 {¶ 29} Further, the testimony of the witnesses concerning the circumstances surrounding the will signing was inconsistent. Anthony Zumbo, the only witness who would not benefit from the will, testified that the decedent signed the will in his presence while the decedent was seated at a cluttered dining room table. He testified that no one else was present at the table when the will was signed. He further testified that he did not know where the other persons in the house were when the will was signed. Dennis testified that he was seated on the couch beside the decedent when the will was signed. Carol testified that she was in the living room about 10 feet away from the decedent when he signed the will, which she believed happened in the living room. Paul testified *Page 8 
that he was approximately two feet away from the decedent when he signed the will in the living room.
 {¶ 30} Upon review, we do not find that the trial court erred in finding that the testimony failed to prove by clear and convincing evidence that there were two witnesses who observed Dennis Pittson, Sr. sign and execute the will which was presented for probate.
 {¶ 31} For these reasons, we do not find that the Probate Court erred in denying appellant's request for admission of the will for probate.
 {¶ 32} Accordingly, appellant's assignment of error is not well taken and is hereby overruled.
 {¶ 33} The judgment of the Stark County Probate Court is hereby affirmed.
Edwards, J., Hoffman, P.J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Probate Court is affirmed. Costs assessed to appellant. *Page 1