[Cite as *In re Estate of Chonko*, 2016-Ohio-980.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ESTATE OF
    ANDREW J. CHONKO

C.A. No.    14CA010691

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2012 ES 01042

DECISION AND JOURNAL ENTRY

Dated: March 14, 2016

CARR, Presiding Judge.

{¶1} Appellant Karen Rodriguez appeals the judgment of the Lorain County Probate Court. This Court reverses and remands.

I.

{¶2} Andrew and Mary Chonko had three children: Andrea Chonko, Karen Rodriguez, and Joseph Chonko, Sr. Andrew and Mary created the Chonko Family Trust in 2004, naming Andrew and Andrea as co-trustees, and all three adult children among the multiple beneficiaries. On the same day, Andrew executed a pour over will, naming Andrea as the personal representative to administer the will. In 2012, Mary and Andrew died within months of one another. Andrea filed an application to probate her father's will in the probate court. Six months later, Karen sent a letter to Andrea questioning the way she and her husband were handling matters relevant to their father's will and the family trust. Karen sent a copy of the letter to the clerk of court for filing in the probate record.

{¶3} A few months later, Andrea (as executor of Andrew's estate and co-trustee of the family trust) and her husband Roger Kolins (as co-trustee of the family trust) filed a motion for authority to expend trust funds as reasonable compensation for trust administration up to a certain date based on extraordinary services they provided, and as compensation for lost wages, vacation days, and sick days spent by Andrea in caring for her parents during the two and five months before their respective deaths. Andrea and Roger also complained that Karen had made numerous requests for reports and updates regarding the estate and trust, thereby creating an "additional workload" for them, even though they recognized Karen's right to inquire. The probate court scheduled a hearing on the motion. Donald Chonko, a trust beneficiary, wrote a letter filed with the court in which he indicated that work precluded him from attending the hearing but that he had concerns regarding Andrea's and Roger's failure to respond to trust beneficiaries' concerns in a forthright manner regarding management of the trust's funds.

{¶4} The probate court subsequently issued a judgment entry noting that the parties had reached an agreement after mediation as to the motion to expend trust funds, as well as "on other related matters." The court directed counsel for the executor/co-trustees to submit a proposed judgment entry. On August 19, 2013, the probate court approved the agreed judgment entry which granted Andrea and Roger a portion of the monies requested. In addition, the agreed judgment entry provided for certain trust distributions, including the following provisions relevant to Karen and the instant appeal:

The distribution of the Trust share of Karen Rodriguez shall be as follows:

1. The Probate Court shall establish a miscellaneous case to supervise distributions and to receive applications for authority to expend funds from Karen Rodriguez.

2. Karen Rodriguez shall establish an account in her name at Chase Bank and upon deposit of funds from the Trustees, shall obtain a certification from the bank

that it is holding the funds, and that no distributions shall be made, without a court order to be obtained through an application for authority to expend funds made by Karen Rodriguez and approved by the Lorain County Probate Court.

3. The Chase Bank account shall be payable on death to the Then-acting Trustee(s) of The Chonko Family Revocable Trust Agreement.

{¶5} Approximately one year later, Karen wrote to the probate court, inquiring about the lack of any dispersal of trust funds to her in light of the sale of her parents' home four months earlier. She attached an email Andrea had sent her explaining that personal issues had prevented her from distributing any funds. Two months later, Karen filed a pro se motion for a hearing to expend funds and for final dispersal of trust funds. The probate court scheduled a hearing on the motion on October 17, 2014.

{¶6} In response to Karen's motion, Andrea asserted that she and Roger believe that an immediate distribution to Karen is not in her best interest but that they would agree to make certain distributions to Karen upon verification of her need. Because the trust was modified by a court (agreed) judgment entry, however, Andrea argued that the trustees were not able to make any such discretionary distributions to Karen. Andrea requested, therefore, that the probate court amend the prior judgment entry nunc pro tunc to eliminate the provisions granting sole authority to the probate court to administer the trust as to Karen and to restore that authority to Andrea and Roger. Effectively, Andrea moved the probate court to vacate the agreed judgment and reinstate the original terms granting the co-trustees the authority to administer and disburse funds to Karen in the co-trustees' sole discretion. In addition, Andrea requested that the probate court debit all legal costs incurred by the trustees in addressing these issues from Karen's trust share. The probate court set the matter to be heard on October 17, 2014, along with Karen's motion.

{¶7} On October 6, 2014, the probate court approved a "judgment entry on [the trustees'] motion for authority to expend funds amended nu[n]c pro tunc" submitted by counsel

for the trustees. The amended judgment entry substantively modified the trust distributions portion of the prior judgment to remove probate court authority over the administration of the trust relevant to Karen and ordered in relevant part that "[t]he [] trust[] allocated to Karen Rodriguez * * * shall continue to be held by the Trustees, Andrea J. Chonko and Roger W. Kolins Co-Trustees of The Chonko Family Revocable Trust Agreement to be administered and distributed under the wholly discretionary terms of the Trust." In addition, the amended judgment contained a new order allowing the trustees to disburse $1,100.00 to legal counsel for services rendered in addressing Karen's motion and further provided that "[t]hose sums shall be debited against the separate trust share of Karen Rodriguez and not as a general administrative expense." Despite the fact that the nunc pro tunc entry was filed in advance of the hearing scheduled on Karen's motion, that it did not reflect Karen's requests, and that there was no additional mediation, the entry retained the language from the prior judgment that all parties had agreed after mediation as to the terms of the judgment.

{¶8} Karen filed a motion for reconsideration and vacation of the portion of the nunc pro tunc order that removed court administration over the trust as it related to Karen and returned such authority to the trustees to administer Karen's trust assets in their discretion. The probate court set a date to rule on the motion to reconsider and vacate portions of the nunc pro tunc order. Because that date was beyond the time in which Karen might perfect an appeal from the October 6 nunc order, she filed her notice of appeal prior to the probate court's ruling on the motion to reconsider. She raises four assignments of error for review.

{¶9} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV,

Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000). An order is a final, appealable order if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" R.C. 2505.02(B)(2).

{¶10} This Court recognizes that probate cases involving the administration of estates constitute special proceedings. *See In re Estate of Griffa*, 9th Dist. Summit No. 25987, 2012-Ohio-904, ¶ 8. As this matter involves a special proceeding, this Court possesses jurisdiction to address it if the probate court's judgment affects a substantial right. A substantial right is one that "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). More precisely, "'[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.'" *Griffa* at ¶ 9, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶11} In this case, all parties previously consented to a modification of the trust that removed administration of Karen's trust from the discretion of her sister and placed it with the probate court, which could review Karen's requests for a release of funds in a neutral or disinterested manner. The nunc order again conferred Andrea and her husband, persons with interests in the trust, with sole discretion to release funds to Karen. Karen is in very poor health and must expend substantial sums of money for medical equipment and medications. Her caregiver is her husband who is over 70 years old. With the court's entry of the nunc pro tunc judgment, Karen must again first seek disbursement of funds from her sister who may in her sole discretion deny the request, leaving Karen with no recourse other than perhaps to sue Andrea in a

separate proceeding, to be repeated each time Karen requests a disbursement from the trust and is denied. The relief she seeks, however, specifically that the probate court as a disinterested actor evaluate her requests for disbursement of her trust funds, will remain effectively foreclosed. Moreover, the bank in which Karen had established an account pursuant to the August 19, 2013 agreed trust modification judgment refused to release any funds without court order. Accordingly, unless the probate court's October 6, 2014 judgment is immediately appealable, Karen would not be able to seek appropriate relief in the future. We conclude, therefore, that Karen has appealed from a final judgment and that this Court has jurisdiction to consider her appeal.

**{¶12}** Before addressing the merits of the appeal, we note that the appellees have not filed any appellate briefs. Accordingly, this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

II.

## ASSIGNMENT OF ERROR I

THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT VACATED THE AUGUST 19, 2013 JUDGMENT ENTRY, AS IT PERTAINED TO KAREN A. RODRIGUEZ, WITHOUT PROVIDING KAREN A. RODRIGUEZ WITH AN OPPORTUNITY TO BE HEARD.

**{¶13}** Karen argues that the trial court erred by vacating the August 19, 2013 agreed judgment as it related to administration and disbursement of Karen's trust funds without providing her with an opportunity to be heard. This Court agrees.

**{¶14}** A review of Andrea's motion to amend the August 19, 2013 judgment lends credence to Karen's assertion that Andrea sought to vacate the prior judgment in a manner provided by Civ.R. 60(B). The probate court scheduled a hearing on the motion, but issued its

judgment vacating the prior provisions regarding Karen 11 days before the scheduled hearing, precluding Karen from being heard on the matter. This Court has held that a trial court has no authority to vacate a prior order either sua sponte or upon motion without first according the parties the opportunity to be heard. *Rice v. Bethel Assoc., Inc.*, 35 Ohio App.3d 133, 134 (9th Dist.1987). Accordingly, the probate court erred by vacating the August 19, 2013 agreed judgment and issuing a new judgment that both reinstated the co-trustees' authority to administer Karen's trust funds solely in the discretion of the co-trustees, and authorized payment of the co-trustees' legal fees from proceeds of Karen's trust funds. Karen's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT VACATED THE AUGUST 1[9], 2013 JUDGMENT ENTRY, AS IT PERTAINED TO KAREN A. RODRIGUEZ, NUNC PRO TUNC ON OCTOBER 6, 2014.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VACATED THE AUGUST 19, 2013 JUDGMENT ENTRY AS IT PERTAINED TO KAREN A. RODRIGUEZ.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AMENDED THE TRUST ON OCTOBER 6, 2014 WITHOUT THE CONSENT OF ALL OF THE BENEFICIARIES.

{¶15} As the first assignment of error is dispositive of the appeal, this Court declines to address the remaining assignments of error. *See* App.R. 12(A)(1)(c).

III.

**{¶16}** The first assignment of error is sustained. We decline to address the remaining assignments of error. The judgment of the Lorain County Probate Court is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

RUSSELL T. MCLAUGHLIN, Attorney at Law, for Appellees.