In re Will of McGraw, a. k. a. Smith.
[Cite as In re Will of McGraw, 14 Ohio App. 2d 87.]

(No. 819—Decided October 16, 1967.)

*Mr. Samuel E. Frowine, Mr. Richard L. Canter* and *Messrs. Miller, Searl & Fitch,* for appellee opponent.
*Messrs. Kimble, Schapiro, Stevens, Harsha & Harcha,* for appellant proponent.

Gray, J.  This cause is in this court on appeal on questions of law from a judgment of the Probate Court of Scioto County, denying the probate of the will of Nellie McGraw, deceased.

The proponent of the will, feeling aggrieved at this action of the lower court, filed his notice of appeal and assigned the following errors:

"1. The court erred in weighing the evidence.

"2. The court erred in refusing to admit the will to probate."

The record shows that the purported will of Nellie McGraw, in the handwriting of Laurence M. Kimble, Attorney at Law, was offered for probate, with the result as

stated above. The purported will appears to be regular on its face in that it is signed by the testatrix at the end. It has an attestation clause and is signed by two witnesses. The signatures appearing in the attestation clause are those of Mildred Williamson and Laurence M. Kimble.

It is the contention of opponents to the probate of the will that the record is entirely silent as to the proper witnessing of the will by Mr. Kimble, and that, therefore, the Probate Court was correct in its ruling denying the probate of the will.

In sum, it must be said that it is the contention of opponents of the will that all the "magic" words were not spoken in the right order and at the right time and place. On a later occasion, the Probate Court refused to permit additional testimony to be presented to clear up the alleged oversight.

Upon a reading of the record, it is apparent that the will was signed by the testatrix and that one witness, Mildred Williamson, properly witnessed the signature. The questions presented by the appeal involve whether the record shows that the will was executed in conformity to law.

The will was drafted in a room in a Portsmouth hospital during the last illness of testatrix.

The record further shows Mr. Kimble testifying in part as follows:

" Q. And at that time, did you see Nellie McGraw? A. I did.

"Q. I hand you what has been marked proponent's exhibit No. 1, for identification, and ask if your name appears on that? A. It does.

"Q. Now, Mr. Kimble, in whose handwriting is this instrument? A. You mean the whole will?

"Q. Yes. A. In mine."

Mrs. Williamson testified as follows:

"Q. Well, when you first got to Room 110, what was the next thing that happened? I mean what was said or done. A. Mr. Kimble said that Miss McGraw wanted a will drawn up and wanted us as witnesses.

"Q. Was that after you were in the room? A. Yes."
She further testified:

"I don't know. He said he would sign it afterwards; he told me he'd sign below. I don't remember whether that was before or right at the time that—I don't know which side of the paper it was, but—"

Ann Plummer, a witness to the execution of the will, but not a subscribing witness, testified in part as follows:

"Q. Would you describe to the court then just what happened in that room at that time? A. Mr. Kimble read the will to her and then he gave it to her to sign and she signed it."

She further testified to the following:

"Q. Mrs. Plummer, do you know whether or not Mrs. Williamson, whose name appears as a witness on this will, whether or not she was present in the room when Mr. Kimble read the will to Mrs. McGraw? A. Yes.

"Q. Was she? A. Yes."

We think that the Probate Court committed prejudicial error in refusing to admit the will of Nellie McGraw to probate. There are certain well defined principles that can be applied to aid us in our decision.

One principle that should be applied is the following:

"* * * The courts have said that the fact that a will was drawn by an attorney at law who directed its execution and was present at the time thereof is strong presumptive evidence that the execution of the will was regular." 57 American Jurisprudence 186, Wills, Section 219, citing *Maresh's Will*, 177 Wis. 194, 187 N. W. 1009.

To the same effect is *Estate of Gray* (1946), 75 Cal. App. 2d 386, 171 P. 2d 113, wherein the court said that the presumption of due execution of the will could be overcome by other evidence, but not by a mere absence of evidence.

57 American Jurisprudence 600, Section 910, states:

"* * * Due weight is given to an attestation clause which recites compliance with all statutory requirements for the valid execution and publication of a will."

It could be argued that facts supplied from the attesta-

tion clause prove due execution in absence of facts showing that the will was not executed according to law.

See annotation 40 A. L. R. 2d 1224, and 60 A. L. R. 2d 113.

To the same effect is *Roosa, Exr.,* v. *Wickward,* 90 Ohio App. 213, 222, where the court said:

"* * * A presumption of due execution of a will arises from the fact of attestation, reciting an observance of all statutory requirements, in the absence of contest as to the genuineness of the signatures of testator and witnesses.

In the case of *In re Estate of Schulz,* 102 Ohio App. 486, at pages 490, 491 and 492 the court said:

"We do not believe it necessary to have both subscribing witnesses testify to all facts concerning the execution of a will, or that, if there is conflicting testimony by one of the witnesses, it would not make a prima facie case. Wills are admitted to probate where neither witness is alive or able to testify, and wills are admitted to probate where only one subscribing witness testifies.

"It is not unusual for a witness to forget the details of execution, where it is established that the signature of the witness is genuine and the other signatures authentic. Some credence, for the purpose of probate, must be given to the attestation clause; for, although it does not establish verity, it, along with the proper signatures of two witnesses and the decedent testatrix, must be considered with all other evidence in the case.

"In *Roosa, Exr.,* v. *Wickward, supra* [90 Ohio App. 213], the court said, at pages 221 and 222:

"'* * * the due execution of the will may be proved and the will admitted to probate by witnesses independent of and even in contradiction to the testimony of the attesting witnesses. The law does not require a will to be proved as well as attested by a specific number of witnesses. A will may be proved by one witness, though it must be attested by two. In other words, the number of witnesses required to prove a will may be less than the number of subscribing witnesses demanded by the statute. A presumption of due execution of a will arises from the

fact of attestation, reciting an observance of all statutory requirements, in the absence of contest as to the genuineness of the signatures of testator and witnesses.'

"* * *

"In 1 Page on Wills (Lifetime Ed.), Section 374, and 2 Page on Wills (Lifetime Ed.), Section 755 *et seq.*, the author comments, with a citation of many authorities, on the presumption of due execution of a will which arises where there is a complete attestation clause as a part of the will sought to be probated.

"The presumption of due execution which arises on proof of the signature of the testator and the signatures of the witnesses, accompanied by a complete attestation clause, as we find in the instant case, is very strong. * * *

"* * *

"We determine, therefore, in this case, that it was not necessary, in order to probate this will, that both attesting witnesses orally testify that all the statutory requirements regarding the execution of the will had been complied with; but where, as here, all signatures to the instrument are genuine, the attesting clause is in due form, and there is oral testimony by one of the witnesses that she knew it was the will of the testatrix which she was signing, and that the testatrix was of full age, of sound mind and memory, and not under any restraint, a prima facie case is established. The Probate Court should admit this will to probate."

The judgment is reversed, and the cause is hereby remanded to the Probate Court of Scioto County with instructions to admit the will of Nellie McGraw, deceased, to probate.

*Judgment reversed.*

CARLISLE, P. J., and ABELE, J., concur.

ON MOTION for reconsideration.

GRAY, J. An application for reconsideration was filed setting forth two reasons for the request.

1. "The opinion, as rendered, fails to decide opponent-appellee's motion to dismiss the temporary restraining order heretofore issued in this cause"; and

2. "The opinion, as rendered, fails to decide opponent-appellee's motion to strike certain documents, to wit: 'testimony of witnesses' and 'affidavit' from the files."

We fail to see how the matter set forth in the first branch of the motion for reconsideration could be prejudicial to the opponents of the will. We believe that the administrator of the estate, for his own protection and for the protection of the assets of the estate, would want the status of the will finally decided before proceeding with the administration of the estate. For these reasons we cannot see where the opponents of the will were prejudiced. In any event, the point raised in the first branch of the motion is now moot, as this court has decided that the will should be probated.

Coming now to consideration of the second branch of the motion, we are of the opinion that this court does not have authority to strike papers from the record as made in a lower court. *Clark* v. *Ervin*, 9 Ohio 131; 3 Ohio Jurisprudence 2d 449, 454.

Opponents of the will have failed to cite any authority for the court to strike papers from the record made in a lower court.

We also believe that the opinion filed in this case adequately and in detail explained the court's reasons for the decision it made.

We are of the further opinion that every resident of the state of Ohio has the right to make a will. We are also of the opinion that this will was drafted according to the laws of Ohio and, therefore, should have been probated. The proceedings to probate a will are *ex parte* in nature and should not be used as a substitute for a will contest which is the proper method to test the validity of any will.

*Motion denied and former judgment adhered to.*

CARLISLE, P. J., and ABELE, J., concur.