IN RE YOUNG.

[Cite as In re Young (1978), 60 Ohio App. 2d 390.]

(No. 8975—Decided November 15, 1978.)

*Mr. Harry Stein,* for the First National Bank of Akron.
*Mr. Stephan Gabalac* and *Mr. Frances W. Houk,* for Mary C. Young and Ante Cajic, appellants.

MAHONEY, P. J. The proponents of the will of Joseph C. Young appeal an order of the Probate Court denying the admission to probate of a will dated May 9, 1978. We reverse.

*Facts*

The proponents of the will are the widow, Mary C. Young, and Ante Cajic, the son. The decedent died May 10, 1978. The purported will was offered for probate on May 18, 1978, after another purported will dated July 2, 1976, was offered for probate by the First National Bank of Akron on May 16. The "1976" will is signed Joseph C. Young; the "1978" will is subscribed by a "J" around which the words "his mark" are written. At the time the 1978 will was executed, the decedent was hospitalized during his last illness and was partially paralyzed from a stroke. Both wills are written in English. Mr. Young's native tongue was Serbo-Croation. One of the attorney-witnesses to the will was fluent in that language. Except for the purported signature by mark, both wills appear on their face to be regular and complete and are both executed by two witnesses. The 1978 will purports to revoke all prior wills. The trial court denied the

1978 will admission to probate and granted admission to the 1976 will after hearings were held under R. C. 2107.18 and R. C. 2107.181.

### Assignments of Error I and II

"I. The court erred in failing to admit the later will of May 9, 1978, to probate without a hearing.

"II. The court erred in failing to admit the later will of May 9, 1978, to probate following the hearing on application."

### Discussion

R. C. 2107.03 provides for the making of a will as follows:

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

R. C. 2107.18 states the requirements for admission to probate:

"The probate court shall admit a will to probate if it appears from the face of the will, or if demanded under section 2107.14 of the Revised Code, from the testimony of the witnesses that its execution complies with the law in force at the time of execution in the jurisdiction where executed, or with the law in force in this state at the time of death, or with the law in force in the jurisdiction where the testator was domiciled at the time of his death."

R. C. 2107.14 allows for an examination of witnesses to the will upon the demand of an interested party. This includes compelling testimony of any witnesses requested by the will's proponents.

R. C. 2107.181 provides for a further hearing if it appears that the purported will is not entitled to admission to probate at the first hearing.

*The Matter of Hathaway*, (1854), 4 Ohio St. 383, 368 [386], presents some historical background to the statutory procedure at issue.

"An application to admit a will to probate is not an adversary proceeding. Those who may be interested adversely, are

not required to be notified, or summoned to be present; and no issue is made for a contest between adverse parties. This is not the proceeding in which those who deny the validity of a will are authorized to contest it. After a will shall have been admitted to probate, those who have adverse interests, have the right to contest its validity, by petition in the court of common pleas.***If those who deny the validity of a will had the right to send for witnesses, and contest it on the application to admit it to probate, the statute would run into the absurdity of allowing a party two distinct courts, and two distinct modes of contesting and having an adjudication of the same fact; and the adjudication of the first tribunal, although not appealed from, no bar to the second proceeding. Before probate, a will is without any legal effect, and can not even be made the subject of a proceeding to contest it. The form and solemnity of the proceeding to admit a will to probate, is required to show its due execution, and admit it to become a matter of public record. The evidence required to show its due execution, and admit it to become a matter of public record. The evidence required, must show a *prima facie* case in favor of its validity, and that evidence is required to be reduced to writing, and made a part of the record. It would be preposterous to place upon the record of the probate of a will, evidence introduced to impeach its validity.''

*In re Estate of Lyons* (1957), 166 Ohio St. 207, 212, cites Hathaway, *supra,* with approval in its interpretation of R. C. 2107.181.

"No words of that statute [2107.181] purport to give the Probate Court any authority to determine as a fact whether a will has been properly attested and executed, nor are any words thereof otherwise inconsistent with the pronouncements of law made by this court in *Hathaway* (4 Ohio St., 383) and *Elvin* (146 Ohio St., 448) cases.***''

The headnote in Lyons, *supra,* at 207, further delineates the scope of inquiry in a hearing under R. C. 2107.181:

"1. In determining whether a will which is presented for probate and which is complete and regular in appearance and which apparently complies with all formalities should be admitted to probate, the Probate Court is not authorized to determine as a fact whether such will has been attested and executed according to law, but is merely required to deter-

mine whether there is substantial evidence tending to prove that fact, i.e., evidence which will enable a finding of that fact by reasonable minds. (In re Will of Elvin, 146 Ohio St., 448, and In re Will of Hathaway, 4 Ohio St., 383, followed. Keyl v. Feuchter, 56 Ohio St., 424, distinguished. Section 2107.181, Revised Code, construed and applied.)"

There is a strong presumption that a will drawn by an attorney, executed in the presence of two witnesses and attested by two attorney witnesses is valid. See, *In re Will of McGraw*, (1967), 14 Ohio App. 2d 87.

However, the May 9, 1978, will is executed only by the mark of the decedent—a "J." In *Sterba* v. *Lienhard* (1950), 58 Ohio Law Abs. 65, the Eighth District Court of Appeals states:

"Signature by mark has long been recognized in law as a valid signature, where it is intended by the one so signing that he is to be thereby bound by the instrument so signed.***"

The signature by mark is valid only if the intention of the testator at the time of the signing is to be bound thereby. Mr. Young did not customarily sign his name by mark, as is evidenced by his signatures on the July 2, 1976, will and trust agreement. His "normal" or customary signature did not appear on the face of the May 9, 1978, will.

The undisputed evidence in the hearings was that the Youngs were executing reciprocal wills and had discussed plans with their son in the several days preceding Mr. Young's death. It is clear that virtually all of the conversation in the hospital room was in Serbo-Croation and was not understood by Attorney Houk who had drafted the wills. It is also clear that Mr. Young knew and understood why the attorneys were in his room. The will was read and explained to him by Attorney Gablac in Serbo-Croation. While Mr. Young had been partially paralyzed, the facts are undisputed that he was alert and responsive. He attempted to sign but paralysis prevented his doing so and he affixed only the letter "J." The most logical inference for reasonable minds to draw from this was that Mr. Young intended to be bound by that "J" as his mark.

We, therefore, hold that the weight of the evidence supports a finding that the proponents have established a *prima*

*facie* case and the will should have been admitted to probate.

*Summary*

We sustain both assignments of error and reverse the order of the probate court denying admission of the May 9, 1978, will to probate. We remand the cause to the Probate Court for further proceedings admitting the May 9, 1978, will to probate and revoking the 1976 will.

*Judgment reversed.*

BRENNEMAN and COOK, J J., concur.

BRENNEMAN, J., retired, assigned to active duty under authority of Section 6 (C), Article VI, Constitution.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Ninth Appellate District.