[Cite as *In re L.M.W.*, 2019-Ohio-3873.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: L.M.W.

C.A. No. 29111

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. 2017 ES 236A

DECISION AND JOURNAL ENTRY

Dated: September 25, 2019

HENSAL, Judge.

{¶1} Sheridan Hatter appeals from the judgment of the Summit County Court of Common Pleas, Probate Division, admitting a will of a later date to probate. This Court reverses and remands for further proceedings consistent with this decision.

I.

{¶2} This appeal concerns the probate court's decision to admit a will of a later date to probate. Because Ohio law is clear that an order admitting a will to probate is not a final, appealable order, this Court issued a show-cause order, requiring Ms. Hatter to address this Court's jurisdiction to consider her appeal. *See In re Frey's Estate*, 139 Ohio St. 354 (1942), paragraph one of the syllabus. Before we address her response, we will briefly summarize the pertinent facts.

{¶3} The record reflects that the decedent died testate on August 2, 2012. In March 2017, Ms. Hatter (the decedent's daughter) applied to have the decedent's will, which was dated

July 18, 1991 ("1991 Will"), admitted to probate. The 1991 Will designated Ms. Hatter as personal representative of the decedent's estate, as well as the residuary beneficiary. The 1991 Will provided specific monetary bequests to the decedent's daughters and grandchildren. The probate court admitted the 1991 Will to probate, and appointed Ms. Hatter as the executor.

{¶4} Then, in November 2017, the decedent's granddaughter, Michelle Tally Hunter Wilson, applied to have a will dated July 29, 2002 ("2002 Will") admitted to probate. The 2002 Will named Ms. Wilson as the residuary beneficiary and executor, and disinherited three of the decedent's daughters (including Ms. Hatter) and her grandson. The 2002 Will contained an in terrorem clause, otherwise known as a no-contest provision, providing that anyone contesting the 2002 Will would forfeit his or her interest in the decedent's estate.

{¶5} The magistrate ordered a hearing regarding the due execution of the 2002 Will. At the hearing, the attorney who prepared the 2002 Will testified. He indicated that he did not specifically remember the execution of the 2002 Will, but testified as to his usual practice. He testified that his secretary would type the will, he would review it, and then he would have his clients come into his office to execute it. While in his office, he would have his clients review the will and would ask them whether they knew what they were doing, and if they were of the right state of mind. If they responded affirmatively, he would have them sign it while he and his secretary served as witnesses. The attorney further testified that the decedent was "way over" 18 at the time she signed the 2002 Will.

{¶6} The attorney's former secretary also testified, indicating that she specifically remembered the decedent executing the 2002 Will. She testified that the decedent arrived at the attorney's office with her granddaughter, Ms. Wilson, and that she (the secretary) and the attorney witnessed the decedent sign the 2002 Will.

{¶7} After the hearing, the magistrate issued a decision admitting the 2002 Will to probate. Ms. Hatter filed objections, and then supplemented her objections when the transcript of the hearing became available. The probate court overruled Ms. Hatter's objections, concluding that she failed to meet her burden of showing that the 2002 Will was not properly executed and, therefore, should not have been admitted to probate. It then adopted the magistrate's decision admitting the 2002 Will to probate. Ms. Hatter appealed that decision, raising two assignments of error for our review.

{¶8} With that factual background in mind, we now turn to the issue of this Court's jurisdiction. Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. "Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature." *In re T.G.*, 12th Dist. Butler No. 2008-01-026, 2008-Ohio-4165, ¶ 14. Under Revised Code Section 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding." This Court has "recognize[d] that probate cases involving the administration of estates constitute special proceedings" and that we "possess[] jurisdiction to address [the matter] if the probate court's judgment affects a substantial right." *In re Estate of Chonko*, 9th Dist. Lorain No. 14CA010691, 2016-Ohio-980, ¶ 10. As this Court has stated, "an order granting or denying a motion to remove an executor would affect a substantial right created by statute[.]" *In re Estate of Griffa*, 9th Dist. Summit No. 25987, 2012-Ohio-904, ¶ 10.

{¶9} In her response to this Court's show-cause order, Ms. Hatter argued, in part, that because the probate court's admittance of the 2002 Will effectively revoked her status as executor, the order affected a substantial right in a special proceeding, thereby rendering the

order final and appealable under Section 2505.02(B)(2). Under these facts, we agree. While the probate court in this case did not grant a motion to remove Ms. Hatter as the executor, its decision to admit the 2002 Will had the same effect: it revoked the 1991 Will, which effectively removed Ms. Hatter as the executor. *See* R.C. 2107.22(A)(3) ("If a probate court admits a will of later date to probate * * * its order shall operate as a revocation of the order admitting the will of earlier date to probate[.]"). Additionally, we note that, in light of the no-contest provision in the 2002 Will, Ms. Hatter was precluded from seeking relief through a will-contest action. *Compare In re Hooks*, 2d Dist. Montgomery No. 14498, 1995 WL 73438, *2 ("if the remedy of a will contest action is available to the appellant, then a substantial right is not affected because the appellant may still obtain relief through the will contest action and also may appeal from any adverse decision in that action."). We, therefore, conclude that this case presents a final, appealable order, and now turn to Ms. Hatter's assignments of error.

II.

ASSIGNMENT OF ERROR I

THE PROBATE COURT ERRED IN APPLYING THE INCORRECT BURDEN
OF PROOF.

{¶10} In her first assignment of error, Ms. Hatter argues that the probate court erred by applying the incorrect burden of proof. This Court agrees.

{¶11} Section 2107.22(A)(1)(a) provides that "[t]he probate court may admit the will of later date to probate * * * if it appears from the face of the will of later date * * * that the execution of the will complies with the law * * *." The burden is on the proponent of a will to make a prima-facie case in favor of its validity. *In re Young*, 60 Ohio App.2d 390, 393-394 (9th Dist.1978). Once it is admitted to probate, a will is presumptively valid. *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 64 (1991), citing R.C. 2107.74 (stating that "the order admitting a will to

probate is prima facie evidence of the attestation, execution and validity of the will[,]" and that such an order creates a rebuttable "presumption of validity[.]"). Thereafter, "those who have adverse interests[] have the right to contest its validity[.]" *In re Young* at 392, quoting *In re Hathaway's Will*, 4 Ohio St. 383, 385 (1854). In a will-contest action, it is "incumbent upon the contestant to offer evidence sufficient to preponderate against the evidence offered in support of the will, as well as the presumption arising from its probate." *Potts v. First-Cent. Trust Co.*, 37 Ohio Law Abs. 382 (9th Dist.1940).

{¶12} Here, the record makes clear that the magistrate held a hearing for the purpose of determining whether the 2002 Will was duly executed and, therefore, whether it should be admitted to probate. In its judgment entry denying Ms. Hatter's objections and adopting the decision of the magistrate, the probate court appears to have treated this proceeding as a will-contest action. It stated that "it is well-settled that the contestant of a will bears the burden of proof," and that "[t]he proponents of the will do not bear the burden of proof; that lies with [Ms.] Hatter." It then concluded that "[Ms.] Hatter has failed to meet her burden of proof to show that the will in question was not properly executed and should not have been admitted to Probate." Accordingly, it overruled Ms. Hatter's objections to the magistrate's decision, and admitted the 2002 Will to probate.

{¶13} Ms. Wilson, as the proponent of the 2002 Will, bore the burden of establishing a prima-facie case in favor of its validity. Only after a will has been admitted to probate does the burden shift to the contestant to rebut the presumption of validity. *See In re Young* at 392, quoting *In re Hathaway's Will* at 386. Yet the probate court in this matter adopted the magistrate's admittance of the 2002 Will to probate based upon Ms. Hatter's failure to meet her burden as the contestant, rather than Ms. Wilson's satisfaction of her burden as the proponent.

This application of the incorrect burden of proof resulted in error, and the probate court's decision may not stand. *See In re A.M.W.*, 9th Dist. Medina Nos. 06CA0078-M, 06CA0079-M, 2007-Ohio-682, ¶ 13 ("Because the trial court utilized an incorrect burden of proof in reaching its decision, the court's conclusion is erroneous as a matter of law, and the judgment may not stand."). Accordingly, we sustain Ms. Hatter's first assignment of error, and reverse and remand the matter for the probate court to apply the appropriate burden of proof in the first instance. *See Filip v. Wakefield Run Master Homeowners' Assn., Inc.*, 9th Dist. Medina No. 15CA0050-M, 2017-Ohio-1179, ¶ 9 (reversing and remanding the trial court because "[a] consideration of the evidence under the proper burden of proof must be performed in the first instance by the trial court."). Ms. Hatter's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE PROBATE COURT ERRED IN ADMITTING THE LATER DATED WILL TO PROBATE.

{¶14} In her second assignment of error, Ms. Hatter argues that the probate court erred by admitting the 2002 Will to probate. In light of this Court's disposition of Ms. Hatter's first assignment of error, we decline to address her second assignment of error.

## III.

{¶15} Ms. Hatter's first assignment of error is sustained. This Court declines to address Ms. Hatter's second assignment of error. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

CLARENCE B. RADER, III, Attorney at Law, for Appellant.

MICHELLE TALLY HUNTER WILSON, pro se, Appellee.