[Cite as *In re L.M.W.*, 2020-Ohio-6856.]

STATE OF OHIO         )              IN THE COURT OF APPEALS
                          )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: L.M.W.

C.A. No.     29670

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2017 ES 236A

DECISION AND JOURNAL ENTRY

Dated: December 23, 2020

SCHAFER, Judge.

{¶1} Appellant, Sheridan Hatter, appeals from the judgment of the Summit County Court of Common Pleas, Probate Division, admitting a later will to probate. This Court affirms.

I.

{¶2} Following the death of her mother, Hatter filed an application to admit a will that her mother executed in 1991 ("the 1991 will"). The 1991 will named Hatter as personal representative of her mother's estate, provided for various monetary bequests, and named Hatter the residuary beneficiary. Several months after it was admitted by the probate court, however, the decedent's granddaughter filed an application to probate a later will that the decedent allegedly executed in 2002 ("the 2002 will"). The 2002 will named the granddaughter as personal representative of the decedent's estate, as well as the residuary beneficiary. It also specifically disinherited Hatter and the decedent's other issue and contained a no-contest provision, providing that anyone who contested it would forfeit his or her interest in the decedent's estate.

{¶3}  A magistrate set the matter for hearing on the granddaughter's application to admit the 2002 will.  The attorney who drafted the 2002 will testified at the hearing, as did his former secretary.  After listening to their testimony, the magistrate issued a decision, admitting the 2002 will.

{¶4}  Hatter filed objections to the magistrate's decision and supplemented her objections upon the completion of the hearing transcript.  The granddaughter responded with a brief in opposition, filed by her attorney, and several pro se filings.  Upon review, the trial court overruled Hatter's objections and admitted the 2002 will to probate.  Hatter then appealed the trial court's judgment.

{¶5}  On appeal, this Court determined that the trial court applied the wrong burden of proof when it reviewed Hatter's objections to the magistrate's decision.  *See In re L.M.W.*, 9th Dist. Summit No. 29111, 2019-Ohio-3873, ¶ 10-13.  Specifically, the trial court incorrectly placed the burden upon Hatter, as a contestant of the 2002 will, rather than upon the granddaughter, as its proponent.  *Id.* at ¶ 12-13.  This Court sustained Hatter's argument to that effect, reversed the trial court's judgment, and remanded the matter for the trial court to apply the proper burden in the first instance.  *Id.* at ¶ 13.

{¶6}  Following our remand, the trial court issued a second judgment entry.  The court determined that the granddaughter had set forth substantial evidence, tending to prove that the 2002 will was attested and executed according to law.  As such, it overruled Hatter's objections and admitted the 2002 will to probate.

{¶7}   Hatter now appeals from the trial court's judgment[1] and raises one assignment of error for review.

II.

**Assignment of Error**

**The probate court erred in admitting the later dated will to probate.**

{¶8}   In her sole assignment of error, Hatter argues that the trial court erred when it admitted the 2002 will to probate.  She argues that the granddaughter failed to set forth substantial evidence that the decedent was the individual who executed the will.  Alternatively, she argues that there was not substantial evidence that the decedent was at least eighteen years old, of sound mind and memory, and not under restraint when she executed the will.  We do not agree that the trial court erred.

{¶9}   Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion.  *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9.  "In so doing, we consider the trial court's action with reference to the nature of the underlying matter."  *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.  Questions regarding the validity or execution of a will are reviewed de novo.  *See Haynes v. Haynes*, 33 Ohio St. 598, 618 (1878).

{¶10}  If a will of later date is presented for probate, the probate court "may admit the will * * * to probate the same as if no earlier will had been [] admitted if it appears from the face of the will of later date * * * that the execution of the will complies with the law in force at the time of

---

[1] While an order admitting a will to probate is generally not a final, appealable order, *see In re Frey's Estate*, 139 Ohio St. 354 (1942), paragraph one of the syllabus, the judgment herein is final and appealable as it was issued in a special proceeding and affected Hatter's substantial rights.  *See In re L.M.W.*, 2019-Ohio-3873, at ¶ 8-9.

the execution of the will * * *." R.C. 2107.22(A)(1)(a). Although witnesses to a later will may be examined at a hearing in open court, R.C. 2107.22(A)(1)(b), "'[a]n application to admit a will to probate is not an adversary proceeding.'" *In re Young*, 60 Ohio App.2d 390, 391 (9th Dist.1978), quoting *In re Estate of Lyons*, 166 Ohio St. 207, 212 (1957). The probate court "is merely required to determine whether there is substantial evidence tending to prove that [the will has been attested and executed according to law], i.e., evidence which will enable a finding of that fact by reasonable minds." *In re Estate of Lyons* at paragraph one of the syllabus.

{¶11} Any person "who is eighteen years of age or older, of sound mind and memory, and not under restraint may make a will." R.C. 2107.02. In general, a will shall be in writing, signed at the end by the testator, and "attested and subscribed in the conscious presence of the testator, by two or more competent witnesses, who saw the testator subscribe, or heard the testator acknowledge the testator's signature." R.C. 2107.03. "[T]he fact that a will was drawn by an attorney at law who directed its execution and was present at the time thereof is strong presumptive evidence that the execution of the will was regular." *In re McGraw's Will*, 14 Ohio App.2d 87, 89 (4th Dist.1967), quoting 57 Am. Jur. 186, Wills, § 219. *Accord Estate of Snell v. Kilburn*, 165 Ohio App.3d 352, 2005-Ohio-7076, ¶ 31 (7th Dist.).

{¶12} Two witnesses testified at the hearing on the granddaughter's application to admit the 2002 will. The first was the attorney who drafted the 2002 will. The attorney testified that the decedent came to him strictly to have him draw up a will and, because she was not a long-term client, he had no independent recollection of her. Unable to recall the specifics of his meeting with her, he testified regarding his habitual practices during his almost fifty years of practicing law. The attorney stated that the decedent would have come to his office after scheduling an appointment and that the two would have reviewed her instructions alone. His secretary then

would have typed up the will, and the decedent would have reviewed it. The attorney testified that only his client and secretary would have been present when it was time to sign the will. He confirmed that his signature appeared on the 2002 will and that the decedent would have been over eighteen years of age. He also confirmed that he would have personally witnessed the decedent's signature.

{¶13} The attorney's former secretary testified that she recalled the decedent. Specifically, she recalled her being a sweet, talkative woman who came to the office with her granddaughter and appeared to have a good relationship with her. According to the secretary, the decedent read and reviewed the 2002 will prior to signing it. When she was prepared to sign, only the decedent, the attorney, and the secretary were present in the attorney's office. The secretary testified that she observed the decedent sign the will and subscribed her own signature as a witness.

{¶14} Hatter first argues that the trial court erred when it admitted the 2002 will to probate because the granddaughter failed to set forth substantial evidence that the decedent was the individual who executed it. She essentially proposes that an imposter could have executed the will by claiming to be the decedent. Because neither the attorney, nor his former secretary were personally familiar with the decedent or required her to verify her identity with documentation, Hatter argues, there was no evidence that it was the decedent who executed the 2002 will.

{¶15} As previously noted, "'[a]n application to admit a will to probate is not an adversary proceeding.'" *In re Young*, 60 Ohio App.2d at 391, quoting *In re Estate of Lyons*, 166 Ohio St. at 212. Anyone who wishes to deny the validity of a will may contest its validity once it has been admitted to probate. *See In re Young* at 392, quoting *In re Estate of Lyons* at 212. The proceedings are distinct and an application to admit a will "is not the proceeding in which those who deny the validity of the will are authorized to contest it." *In re Young* at 392, quoting *In re Estate of Lyons*

at 212. The only question is whether "substantial evidence" exists to prove that the will has been lawfully attested and executed. *In re Estate of Lyons* at paragraph one of the syllabus. The General Assembly did not intend for probate courts, upon review of an application to admit a will, to engage in credibility determinations or "determine as a fact whether the instrument had been properly attested and executed * * *." *Id.* at 212-213.

{¶16} Both the attorney and his former secretary testified that they witnessed the signing of the 2002 will after the attorney drafted it and the secretary transcribed it. The secretary specifically recalled the decedent and testified that she signed the will after coming into the office with her granddaughter. Accordingly, there was substantial evidence that the 2002 will was reduced to writing and was signed by the decedent in the presence of both the attorney who drew up the will and his former secretary. *See id.* at paragraph one of the syllabus. *See also In re McGraw's Will*, 14 Ohio App.2d at 89, quoting 57 Am. Jur. 186, Wills, § 219 (strong presumption in favor of a will being properly executed when it was drawn by an attorney and executed in his or her presence). We reject Hatter's argument to the contrary.

{¶17} Next, Hatter argues that there was not substantial evidence that the decedent was at least eighteen years old, of sound mind and memory, and not under restraint when she executed the 2002 will. This Court would note that certain portions of Hatter's argument in the lower court and on appeal appear to address the validity of the 2002 will rather than the propriety of its admission. As noted, however, the only issue before the trial court was whether there existed "substantial evidence" to prove that the will had been lawfully attested and executed. *See In re Estate of Lyons* at paragraph one of the syllabus. The attorney and his secretary provided substantial evidence that the decedent executed the 2002 will in their presence. *See* R.C. 2107.02. Because there was substantial evidence tending to prove that the will was attested and executed

according to law, Hatter's argument to the contrary lacks merit. *See In re Estate of Lyons* at paragraph one of the syllabus. Her sole assignment of error is overruled.

III.

{¶18} Hatter's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CLARENCE B. RADER, III, Attorney at Law, for Appellant.

MICHELLE TALLY HUNTER WILSON, pro se, Appellee.