[Cite as *Souare v. Summit Cty. Sheriff*, 2026-Ohio-1138.]

STATE OF OHIO   )   IN THE COURT OF APPEALS
        )ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| ELHADJ SOUARE | C.A. No. 31413 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY SHERIFF | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2024-05-1854 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

---

FLAGG LANZINGER, Judge.

{¶1}  Plaintiff-Appellant, Elhadj Alpha Mahmoud Souare, appeals the judgment of the Summit County Court of Common Pleas denying his motion for default judgment and dismissing his complaint with prejudice.  We affirm.

I.

{¶2}  On May 1, 2024, Souare filed a handwritten complaint against the Summit County Sheriff asserting a vague claim for discrimination and seeking damages in the amount of $150,000,000.  The Sheriff did not file a responsive pleading.

{¶3}  On August 5, 2024, the trial court issued a Notice advising Souare that (1) service was completed more than 28 days before the date of the order, (2) the defendant had not yet answered the complaint, and (3) if Souare did not file a motion for default judgment within 14 days, the complaint would be dismissed.  Souare filed a motion for default judgment on August 16, 2024, requesting default judgment against the Sheriff in the amount of $150,000,000.  The

matter came before a magistrate for a default hearing on January 8, 2025.  The magistrate heard testimony from Souare, and admitted as evidence certain documents presented by Souare.

{¶4}    On January 27, 2025, the magistrate filed a magistrate's decision denying Souare's motion for default judgment and dismissing his complaint with prejudice.  The trial court adopted the magistrate's decision in a judgment entry filed February 11, 2025.

{¶5}    Souare appeals, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

**WHETHER THE FAILURE TO PROVIDE [SOUARE] WITH TIMELY NOTICE OF THE MAGISTRATE'S DECISION REQUIRES REVERSAL AND REMAND UNDER CIV.R. 53(D) AND THE FOURTEENTH AMENDMENT.**

{¶6}    In his first assignment of error, Souare contends that the trial court erred when it adopted the magistrate's decision on the basis that the Clerk of the Summit County Court of Common Pleas did not properly serve him the magistrate's decision.  Souare's argument has no merit.

{¶7}    "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion."  *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.), citing *Fields v. Cloyd*, 2008-Ohio-5232, ¶ 9 (9th Dist.).  However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter."  *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).  An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8}    Pursuant to Civ.R. 53(D)(3)(a)(iii), a magistrate's decision must be "filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the

decision is filed." On appeal, Souare asserts "[t]he record in this case does not reflect service upon [Souare]."

{¶9} Our review of the record belies this assertion.

{¶10} Civ.R. 5 governs service and filing of papers subsequent to the original complaint, including "every order required by its terms to be served . . . ." Civ.R. 5(A). "Whenever a party is not represented by an attorney, service under this rule shall be made upon the party." Civ.R. 5(B)(1). Pursuant to Civ.R. 5(B)(2)(c) "[a] document is served under this rule by . . . [m]ailing it to the person's last known address by United States mail, in which event service is complete upon mailing[.]" Civ.R. 5(B)(2)(c). A served document must be accompanied by a completed proof of service stating the date and manner of service. Civ.R. 5(B)(4). "[T]here is a presumption that proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed." *Reveille II, LLC v. Ion*, 2011-Ohio-1212, ¶ 9 (9th Dist.). This Court has recognized that a party "can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the [party]." *State Auto Ins. of Ohio v. Wilson*, 2020-Ohio-4456, ¶ 12 (9th Dist.), quoting *Runyon v. Hawley*, 2018-Ohio-2444, ¶ 16 (9th Dist.).

{¶11} Here, the record reflects the Clerk of the Summit County Court of Common Pleas filed a Notice of filing of the January 27, 2025 magistrate's decision that same day. The record further reflects that the Clerk filed a Certificate of Mailing on January 31, 2025, indicating the Clerk served Souare with the magistrate's decision on January 29, 2025, via regular United States mail and via certified mail to the same address listed on Souare's complaint.

{¶12} Because the Clerk served the January 27, 2025 magistrate's decision in compliance with the civil rules, there is a presumption of proper service. Souare has not offered any evidence,

such as an affidavit, to rebut the presumption of proper service. Moreover, there is no indication in the record that either the regular mail service or the certified mail service was returned as undeliverable.

{¶13} Souare has not shown on appeal that the trial court erred by adopting the January 27, 2025 magistrate's decision. Souare's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY DENYING [SOUARE]'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING HIS CLAIMS DESPITE UNREFUTED EVIDENCE OF UNLAWFUL SEIZURE, RACIAL DISCRIMINATION, AND VIOLATION OF [SOAURE]'S CIVIL RIGHTS.**

{¶14} In his second assignment of error, Souare contends the trial court erred when it adopted the magistrate's decision's denying his motion for default judgment and dismissing his complaint with prejudice. We disagree.

{¶15} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 2020-Ohio-6856, at ¶ 9 (9th Dist.), citing *Fields*, 2008-Ohio-5232, at ¶ 9 (9th Dist.). Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). It is well settled that the failure to specifically raise an argument in an objection to a magistrate's decision results in forfeiture of that argument on appeal. *Johns v. Johns*, 2013-Ohio-557, ¶ 17 (9th Dist.). However, when a party fails to set forth a plain error argument in his merit brief, this Court will not create a plain error argument on his behalf. *See Horak v. Decker*, 2018-Ohio-3659, ¶ 29 (9th Dist.).

{¶16} Because Souare failed to object to the magistrate's decision, he has forfeited all but plain error on appeal. Souare does not raise a plain error argument on appeal and we decline to do so for him. *See id.*

{¶17} Souare's second assignment of error is overruled.

III.

{¶18} Souare's first and second assignment of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶19} I respectfully concur in judgment only regarding the first assignment of error. Although I agree Mr. Souare has not demonstrated error in regard to service, I would not analyze it under Civ.R. 5, which I think is irrelevant here. "Civ.R. 53(D)(3)(a)(iii) sets forth explicit requirements for a magistrate's decision. It states the 'decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed.'" *Nyamusevya v. Nkurunziza*, 2023-Ohio-3263, ¶ 18 (10th Dist.), quoting Civ.R. 53(D)(3)(iii). Here the Magistrate's Decision was issued on January 27, 2025, and filed the same day. As part of the magistrate's decision, the Clerk was given service instructions. The decision specifically provided: "The Clerk of Court is ordered to serve Plaintiff, pro se, via Certified Mail, return receipt, with notice of this ORDER."

{¶20} The record reflects the Clerk of Courts followed these instructions and noted on the docket that the decision was sent by certified mail to Mr. Souare on January 29, 2025. As the majority has concluded, Mr. Souare has not provided any evidence to rebut the presumption of proper service. Accordingly, he has not demonstrated error. I concur with the remainder of the majority's opinion.

APPEARANCES:

ELJADJ SOUARE, pro se, Appellant.