[Cite as *State v. Kaminski*, 2026-Ohio-2012.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0047-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHY LEE KAMINSKI | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 25TRD01767 |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

HENSAL, Presiding Judge.

{¶1} Timothy Kaminski appeals his conviction by the Medina Municipal Court. This Court affirms.

I.

{¶2} Mr. Kaminski, who holds a commercial driver's license, ran a red light at the intersection of State Route 18 and Gateway Drive in Medina Township while operating a heavy-duty tow truck. State Troopers charged him with a red-light violation under Revised Code Section 4511.13(C). A magistrate found him guilty, fined him $100, and assessed two points against his license. Mr. Kaminski objected to the magistrate's decision, arguing that the magistrate failed to consider whether he had acted out of necessity. The trial court concluded that Section 4511.13(C) states a strict-liability offense and that the defense of necessity did not apply. In the alternative, the trial court concluded that even if the defense was available, Mr. Kaminski had not established that he acted under duress.

{¶3} The trial court overruled Mr. Kaminski's objections to the magistrate's decision, found Mr. Kaminski guilty, and sentenced him. Mr. Kaminski appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE'S DECISION AND IN REJECTING THE DEFENDANT'S NECESSITY DEFENSE, DESPITE UNREBUTTED EVIDENCE THAT THE DEFENDANT WAS LAWFULLY OPERATING A COMMERCIAL VEHICLE, AND THAT STOPPING BEFORE THE INTERSECTION WHEN THE LIGHT TURNED YELLOW WOULD HAVE RESULTED IN A GREATER HARM.

{¶4} Mr. Kaminski's first assignment of error is that the trial court erred by overruling his objection to the magistrate's decision. Specifically, he maintains that the affirmative defense of necessity excused his failure to stop at the red light. This Court does not agree.

{¶5} Proceedings in traffic cases that are conducted before a magistrate are governed by Criminal Rule 19. Traf.R. 14(C). Rule 19, in turn, provides that when objections to a magistrate's decision are filed, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Crim.R. 19(D)(4)(d). Because the relevant provisions of Rule 19 and Civil Rule 53 are identical, it is appropriate for this Court to rely on our precedent interpreting Civil Rule 53 when considering cases that implicate Criminal Rule 19. *See State v. Perkins*, 2018-Ohio-2240, ¶ 6 (9th Dist.). As a general rule, "this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *State v. Crawford*, 2021-Ohio-1686, ¶ 6 (9th Dist.), quoting *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.). We do so, however, with consideration for the

nature of the underlying matter. *Id.*, quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).

{¶6} Necessity is an affirmative defense. *See generally State v. Cross*, 58 Ohio St.2d 482, 485-486 (1979). "The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence . . . is upon the accused." R.C. 2901.05(A). This Court considers the manifest weight of the evidence to determine whether an accused has met the burden of persuasion regarding an affirmative defense under Section 2901.05(A). *See State v. Consiglio*, 2022-Ohio-2340, ¶ 16 (7th Dist.); *Brook Park v. Gannon*, 2019-Ohio-2224, ¶ 30 (8th Dist.). When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶7} The affirmative defenses of duress and necessity are "often used interchangeably and are often indistinguishable." *State v. Floyd*, 2012-Ohio-3551, ¶ 8 (9th Dist.), quoting *Cross* at 483 fn. 2. The affirmative defense of necessity "is strictly and extremely limited in application and will probably be effective in very rare occasions." *Cross* at 488. An "essential feature" of necessity is "the sense of present, imminent, immediate and impending death, or serious bodily injury." *Id.* at 487. In other words, an "imminent, immediate danger or threat of danger" must prevent the individual "from exercising his own will," leaving no alterative path of action. *Id.* at

483 fn. 2. As a result, "the actor is forced to choose between the lesser of two evils." *Id*. The primary difference between the defenses of duress and necessity is that while duress involves a human threat, "necessity involves a threat from natural or physical forces . . . ." *State v. Flinders*, 2012-Ohio-2882, ¶ 30 (9th Dist.), quoting *State v. Lawson*, 2008-Ohio-1311, ¶ 20-21 (2d Dist.). Consequently, to establish the presence of necessity, a defendant must prove five elements:

> (1) a harm due to the pressure of a physical or natural force, rather than human force; (2) the harm sought to be avoided was greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believed at the moment that his act was necessary and was designed to avoid the greater harm; (4) the actor was without fault in bringing about the situation; and (5) the threatened harm was imminent, leaving no alternative by which to avoid the greater harm.

*Lawson*, at ¶ 20.

{¶8} Two troopers testified that they saw Mr. Kaminski's truck run the red light at the intersection of State Route 18 and Gateway Drive. Both explained that the light was red before Mr. Kaminski crossed the marked stop line. One testified that it appeared the truck sped up as it went through the light. The other observed that it did not appear that the truck slowed down while the light was yellow. Mr. Kaminski testified that he saw the traffic light change from green to yellow and that he was paying attention at the time. He explained that he was driving downhill, and he reasoned that if he tried to stop, he may have ended up in the middle of the intersection and "scorched the tires." He acknowledged that, under the circumstances, it was "a decision that, you know, could go either way." He testified that he "just let it go. I didn't accelerate . . . . I made a decision to go through."

{¶9} Mr. Kaminski did not demonstrate that he had "the sense of present, imminent, immediate and impending death, or serious bodily injury." *Cross* at 487. Nor did he demonstrate that an "imminent, immediate danger or threat of danger" prevented him "from exercising his own

will," leaving no alterative path of action. *Id*. at 483 fn. 2. Specifically, he failed to establish that the existence of a harm due to a physical or natural force that was greater than or equal to the harm that Section 4511.13(C) seeks to prevent, that he was without fault in bringing about the situation, and that the threatened harm was imminent, leaving him with no alternative but to run the red light. *See Lawson* at ¶ 20.

{¶10} Assuming, without deciding, that the defense of necessity is available for violations of Section 4511.13(C), the trial court did not err by concluding that Mr. Kaminski failed to establish the defense in this case. Mr. Kaminski's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY APPLYING R.C. 4511.13(C) TO IMPOSE STRICT CRIMINAL LIABILITY ON THE DEFENDANT FOR CONDUCT THAT WAS PHYSICALLY IMPOSSIBLE TO AVOID, THEREBY VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶11} In his second assignment of error, Mr. Kaminski argues that the trial court applied Section 4511.13(C) in a manner that was unconstitutional because it was impossible for him to comply.

{¶12} It is well-established that courts should not reach constitutional questions unless it is absolutely necessary and should "avoid reaching a constitutional question when 'other issues are apparent in the record which will dispose of the case on its merits.'" *In re D.S.*, 2017-Ohio-8289, ¶ 7, quoting *Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212 (1966). In this case, we need not consider whether Section 4511.13(C) is unconstitutional as applied to Mr. Kaminski because the evidence does not support the fundamental premise of his argument that it was impossible for him to comply.

{¶13} In this respect, the testimony at trial is decidedly more equivocal than his argument on appeal. One of the troopers testified that he saw Mr. Kaminski when he was still 50-75 feet away from the light and that he appeared to speed up through the intersection. Mr. Kaminski testified that he was going the speed limit and the decision about whether to attempt a stop at the red light was one that could have gone either way. The clear implication of Mr. Kaminski's impossibility argument is that every truck of the size that he was driving would be excused from stopping at the intersection in question. That result is untenable.

{¶14} Mr. Kaminski has not demonstrated that it was impossible for him to comply with Section 4511.13(C). His second assignment of error is overruled on that basis.

III.

{¶15} Mr. Kaminski's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOHN Y. KIM, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.