[Cite as *Pearson v. Pearson*, 2026-Ohio-2068.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DREXA PEARSON

    Appellee

v.

HERMAN PEARSON

    Appellant

C.A. No.     31699

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2022-03-0462

DECISION AND JOURNAL ENTRY

Dated: June 3, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1}    Defendant-Appellant, Herman Pearson, appeals the judgment of the Summit County Court of Common Pleas Domestic Relations Division overruling his objections, adopting the magistrate's decision, and entering judgment denying Plaintiff-Appellee, Drexa Pearson's, motion to modify spousal support. We affirm.

I.

{¶2}    The parties were married in June 1990 and divorced in June 2023. The decree of divorce incorporated the parties' separation agreement. Relevant to this appeal, the separation agreement provided as follows:

> [Herman] shall pay to [Drexa] Five Hundred Dollars ($500.00) per month in spousal support; this amount is a continuation of the temporary spousal support Orders. The Court shall not retain jurisdiction to modify this amount until November 1, 2023. It is anticipated that [Herman] will retire on November 1, 2023. The Court as of November 1, 2023 may modify the amount of spousal support based upon a change of circumstance including the parties' retirement incomes and any other incomes. The Court further may modify the spousal support amount if

[Herman] has not retired.  The Court shall have continuing jurisdiction to modify the amount and duration of support.

{¶3}   On January 29, 2024, Drexa filed a motion to modify the spousal support obligation expressly requesting an increase in the award.  Herman did not file a response to the motion.  The trial court referred the matter to a magistrate, and the magistrate scheduled the matter for a hearing.

{¶4}   During the hearing, the magistrate heard testimony from both parties and admitted several exhibits presented by both parties.  Following the hearing, the magistrate filed a magistrate's decision denying the motion to modify.  The trial court adopted the magistrate's decision in a judgment entry filed that same day.

{¶5}   Herman filed timely objections to the magistrate's decision, asserting that the magistrate erred by not terminating or reducing his spousal support obligation.  Herman stated in his objections that he would supplement his objections upon receipt of the transcript of the hearing.  However, Herman did not supplement his objections after receiving the transcript.  Drexa filed a response in opposition, and the trial court overruled Herman's objections to the magistrate's decision.  The trial court determined that the only motion before the magistrate was Drexa's motion to increase the spousal support award.  The trial court further determined that "due process require[d] the Court to rule on the Motion that was filed[,]" and that "[i]f there was no motion to decrease the support, reducing the support would be beyond the scope of the Motion."

{¶6}   Herman appeals, raising two assignments of error. We combine the assignments of error for ease of analysis.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY FAILING TO REDUCE OR TERMINATE THE APPELLANT-DEFENDANT'S SPOUSAL SUPPORT OBLIGATION.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FINDING THAT DUE PROCESS PRECLUDED A CONSIDERATION OF A REDUCTION IN SPOUSAL SUPPORT.**

{¶7} In his first assignment of error, Herman argues that the trial court erred when it failed to decrease or terminate his spousal support obligation because "there was a substantial change of circumstances warranting a substantial reduction or termination of [Herman]'s spousal support obligation." In his second assignment of error, Herman contends the trial court erred when it determined due process precluded the court from considering Herman's objections. We disagree.

{¶8} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.), citing *Fields v. Cloyd*, 2008-Ohio-5232, ¶ 9 (9th Dist.). However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).

{¶9} "Due process of law involves the essential rights of notice, hearing and the opportunity to be heard before a competent tribunal." *Wintrow v. Baxter-Wintrow*, 2013-Ohio-919, ¶ 12 (9th Dist.), quoting *Yousif-Thacker v. Yousif*, 2021 WL 22257, * 3 (9th Dist. Jan. 10, 2001). "'Due course of law' as guaranteed by Section 16, Article I of the Ohio Constitution is virtually the same as the 'due process' clause of the Fourteenth Amendment, United States Constitution." *Wintrow* at ¶ 12, quoting *Yousif-Thacker* at * 3. Issues that implicate due process are questions of law we review de novo. *See Wintrow* at ¶ 11.

{¶10} Herman argues on appeal that Drexa's filing of a motion to modify the spousal support award was sufficient to put her on notice that the trial court would consider decreasing the

award.  Herman further argues that Drexa "had notice of the hearing, and an opportunity to gather evidence and had the opportunity to refute any claims/defenses brought by [Herman]."  Under the specific circumstances of this case, we disagree.

{¶11}  First, we note that Herman does not point to anywhere in the record where he requested the trial court terminate and/or decrease his spousal support obligation.  *See* App.R. 16(A)(7) (requiring an appellant to point to the parts of the record on which the appellant relies).  Second, this Court's own review of the record shows that Herman (1) did not file a response to Drexa's motion to modify, (2) did not file a motion requesting the trial court decrease or terminate his spousal support obligation, and (3) did not argue at any point during the hearing that the trial court should terminate or decrease his spousal support obligation.  Third, Drexa's motion to modify the spousal support award expressly requested the trial court increase the amount of the spousal support award, and the magistrate expressly stated at the beginning of the hearing that the purpose of the hearing was to address Drexa's "motion to modify in – meaning increase spousal support, filed 1/29/2024."

{¶12}  Based on the above, we cannot conclude that the trial court erred when it determined due process precluded it from considering Herman's objections to the magistrate's decision asserting that the magistrate should have terminated or decreased his spousal support obligations.  Herman's first and second assignment of error are overruled.

III.

{¶13}  Herman's first and second assignment of error are overruled.  The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

TIMOTHY P. ASSAF, Attorney at Law, for Appellant.

LYNDA HARVEY WILLIAMS and RENEE ROYAL-SPENCER, Attorneys at Law, for Appellee.